UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

David Easley,
Plaintiff

Case No. 1:06-cv-601

vs

Gary Haywood, et. al.,
Defendants

**REPORT AND RECOMMENDATION**
(Spiegel, J.; Hogan, M.J.)

This matter is before the Court on Plaintiff's Motion to Freeze Assets/Injunction (Doc. 30) and Defendants' Memorandum in Opposition to Plaintiff's Motion to Freeze Assets/Injunction (Doc. 35).

Plaintiff is a prisoner in the custody of the Ohio Department of Rehabilitation and Corrections ("ODRC") placed at the Southern Ohio Correctional Facility ("SOCF") in Lucasville, Ohio. Plaintiff brings this prisoner civil rights action under 42 U.S.C. §1983 against SOCF corrections officer Gary Haywood and Christopher Brannigan alleging excessive use of force and against Defendants Julie Hall and Rhonda Stalnaker alleging denial of medical care. (Doc. 10). Plaintiff further alleges that Defendants Collins, Kerns, Mahlman and Davis failed to protect him against the alleged excessive use of force. (Doc. 10). Plaintiff seeks an injunction freezing the assets all Defendants in this matter.

In determining whether to issue a preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a

preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Authority*, 163 F.3d 341, 347 (6th Cir. 1998); *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 n.3 (6th Cir. 1991). The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Leary,* 228 F.3d at 736; *Performance Unlimited v. Quester Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir. 1995). A preliminary injunction is an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Leary*, 228 F.3d at 739.

The Court finds that Plaintiff has neither alleged facts, nor submitted any evidence whatsoever, warranting a preliminary injunction in this matter. Plaintiff has made no attempt to apply the above factors to his situation. Plaintiff has failed to present any evidence showing he has a substantial likelihood of success on the merits of his constitutional claims, or that he will suffer irreparable harm absent a preliminary injunction. Plaintiff's allegations in his motion do not constitute evidence supporting injunctive relief. In the absence of any evidence supporting Plaintiff's motion, the motion should be denied.

**IT IS THEREFORE RECOMMENDED THAT** Plaintiff's Motion to Freeze Assets/Injunction (Doc. 30) be DENIED.

Date: 9/15/09

Timothy S. Hogan
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING THE FILING
## OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten (10) days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen (13) days (excluding intervening Saturdays, Sundays, and legal holidays) in the event this Report is served by mail, and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation are based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\LES\prisoner1983\Easley4\freeze.inj.wpd

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X  ☑ Agent  ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>David Easley 306-400<br>PO Box 45699<br>Lucasville, OH 45699 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☑ Certified Mail   ☐ Express Mail<br>☐ Registered      ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 3150 0000 8388 4278 |

PS Form 3811, August 2001      Domestic Return Receipt      102595-02-M-1540

1:08cv601 Docs. 48 + 49