UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

David Easley,
    Plaintiff

    vs

Gary Haywood, et. al.,
    Defendants

Case No. 1:08-cv-601

REPORT AND RECOMMENDATION
(Spiegel, J.; Hogan, M.J.)

    This matter is before the Court on Defendant's Motion for Summary Judgment (Doc. 53), and Plaintiff's Response thereto (Doc. 54). Plaintiff is a prisoner in the custody of the Ohio Department of Rehabilitation and Corrections ("ODRC") placed at the Southern Ohio Correctional Facility ("SOCF") in Lucasville, Ohio.

    Plaintiff's Complaint alleges that on July 3, 2008, Defendants Haywood and Brannigan used excessive force against Plaintiff. Thereafter, he was placed in an isolation cell where he was denied medical care for his injuries by Defendants Hall, Stalnaker, and unknown nurse. Plaintiff further alleges that Defendants Collins, South Regional Director, Kerns, Mahlman, and Davis had prior knowledge of threats to his safety by Defendant Haywood and one Sgt. Bear, but denied his request for protective custody and failed to protect him from the resultant assault of July 3rd. Plaintiff seeks monetary and injunctive relief. (Doc. 10).

## FACTUAL BACKGROUND

    Defendant Haywood, a Correctional Sergeant, was transporting Easley to a Protective Control hearing on July 3, 2008. (Doc. 53, Ex. 2, Declaration of Gary Haywood, attached). According to Defendant, during this transport, Plaintiff was agitated, belligerent, and aggressive. (Id.). Plaintiff allegedly verbally threatened with physical violence. (Id..). Defendant Haywood gave Plaintiff a direct order to remain quiet, face forward, and continue walking. (Id.). Plaintiff became more aggressive and physically threatening. (Id.). Defendant Haywood claims that he then gave Plaintiff three to four additional direct orders to face forward and continue walking, however, Plaintiff ignored the orders and approached Defendant Haywood in a threatening manner. (Id.). As a result, Defendant Haywood placed Plaintiff against the wall to gain control, however, Plaintiff continued to aggressively threaten Haywood. (Id.). Allegedly, fearing that Plaintiff would "headbutt" him, Defendant Haywood then took Plaintiff down to the ground where he could gain control of the situation. (Id.).

    By placing Plaintiff face down on the floor, Defendant Haywood was able to gain control of him. (Ex. 2). Haywood then attempted to lift Plaintiff back to his feet, but Plaintiff was uncooperative. (Id.). At this point, another officer and Defendant Brannigan came to assist Defendant Haywood. (Doc. 53, Ex. 3, Incident Reports from July 3, 2008; Ex. 1, Authentication

of Documents). The officers then lifted Plaintiff off of the floor and back to his feet. (Ex. 3). However, Plaintiff continued to struggle with them. (Id.). Plaintiff attempted to pull away from the officers and, losing his balance, fell back to the floor. (Id.). Officers then lifted Plaintiff back to his feet and regained control of him. (Id.). At this point, Officer Bailey placed Plaintiff in an outside wrist turn and brought him to his feet. (Ex. 3, p. 4). Officer Bailey then started to escort Plaintiff, with Defendant Brannigan finishing the escort. Plaintiff complied with the escort, and Defendant Brannigan finished the escort without further incident. (Ex. 3, pp. 2, 4). Following the incident, Plaintiff complained of a sore ankle and wrist and was examined in the medical unit. (Doc. 53, Ex. 4, Medical Records of David Easley; Ex. 1). Defendant Nurse Hall observed a small abrasion on Plaintiff's left forearm and a small abrasion on his left ankle. (Id.). These abrasions coincided with the same location where Plaintiff was handcuffed and shackled. Nurse Hall treated Plaintiff's abrasions by cleaning them with Hydrogen Peroxide and then placed bandages on him. (Id.).

Plaintiff's version of the incident and his subsequent medical treatment varies somewhat from Defendants'. According to Plaintiff, he was not resistant to Defendant Haywood's orders, and was not assaultive. (Doc. 54, Ex. E, 7/8/08 Disposition of the Rules Infraction Board, attached). Plaintiff further argues that Defendant Haywood "slamm[ed] him to the floor then push[ed] him and [made] his head bounce off [the] walls and [ran] him into a metal fan." (Doc. 54 at p1).[1] Plaintiff claims that Defendants Collins, South Regional Director, Kerns, Mahlman, and Davis had prior knowledge of threats to his safety by Defendant Haywood, but denied his request for protective custody and failed to protect him from the resultant assault of July 3rd. Plaintiff also contends that Defendant Hall refused to treat his wounds, but merely looked into his cell and chronicled his ankle and arm injury on a medical report. (Doc. 54 at p. 3; see also Doc. 53, Ex. 4, Medical Exam Report, attached).

## OPINION

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323.

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to

---

[1] Plaintiff's Complaint is not verified nor does he attach an affidavit to his memorandum detailing his version of the facts.

resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.). "[A]fter a motion for summary judgment has been filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir. 1991).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283. *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 249-50.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a *prima facie* case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

To state a § 1983 claim, a plaintiff must allege that he was deprived of a right secured by the constitution or laws of the United States by a person acting under color of state law. *United of Omaha Life Insurance Co. v. Solomon*, 960 F.2d 31, 33 (6th Cir. 1992). States, state agencies, and state officials sued in their official capacity are not "persons" for the purposes of § 1983. *Hafer v. Melo*, 502 U.S. 21, 31 (1991); *see also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989). Section 1983 provides a remedy for certain violations of federal law, but does not itself create any substantive rights. *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 617 (1979). Therefore, to state a claim, Plaintiff must establish that Defendant violated his constitutional rights or rights secured by federal law.

Plaintiff claims that Defendants Haywood and Brannigan violated his Eighth Amendment right to be free from cruel and unusual punishment. (Doc. 10). The Eighth Amendment prohibition against cruel and unusual punishment governs an inmate's claim of excessive force. *Pelfrey v. Chambers*, 43 F.3d 1034, 1036-37 (6th Cir. 1995), *cert. denied*, 115 S.Ct. 2269 (1995); *Cornwell v. Dahlberg*, 963 F.2d 912, 915-916 (6th Cir. 1992). To state a claim for excessive force, the inmate must establish that the force was applied maliciously and sadistically to cause harm rather than in a good faith effort to maintain or restore discipline. *Hudson v. McMillian*,

3

501 U.S. 1, 7 (1992); *Pelfrey*, 43 F.3d at 1037; *Caldwell v. Moore*, 968 F.2d 595, 599-601 (6th Cir. 1992). In making this determination, a court must consider the reasons for the use of force, the type and amount of the force used, and the extent of the injury inflicted. *See Hudson,* 501 U.S. at 7; *Whitley v. Albers*, 475 U.S. 312, 320-322 (1986); *Moore v. Holbrook*, 2 F.3d 697, 700 (6th Cir. 1993).

Not every intrusion on a prisoner's bodily integrity will rise to the level of an Eighth Amendment violation, even if it appears in retrospect that the degree of force used was unreasonable and, thus, unnecessary. *Whitley*, 475 U.S. at 319; *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986). "[T]he good faith use of physical force in pursuit of valid penological or institutional goals will rarely, if ever, violate the Eighth Amendment." *Parrish*, 800 F.2d at 604.

An inmate may suffer a violation of his Eighth Amendment rights even though he did not suffer a serious injury at the hands of corrections officers. *Hudson*, 501 U.S. at 9-10. The Eighth Amendment does not prohibit a *de minimis* use of force "provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 10. What constitutes a *de minimis* use of force depends upon the circumstances of each case. "[T]he core judicial inquiry is . . . whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7. For example, a guard who needlessly beats a handcuffed, submissive prisoner causing bruises, swelling, loosened teeth, and a cracked dental plate inflicts injuries that are more than *de minimis* for Eighth Amendment purposes . *Id.* at 10. *See also Moore v. Holbrook*, 2 F.3d 697 (6th Cir. 1993).

In the present case, Defendants claim that the use of force was necessary to establish control over Plaintiff's actions. Defendants claim that minimal force was used to gain control of Plaintiff as evidenced by his minor injuries. As the court in *Hudson* made clear, the lack of serious injury does not, in and of itself, preclude an Eighth Amendment violation. Defendants offer the declaration of Defendant Haywood, as well as several incident reports of various officers, in support of their contention that excessive force was not used but rather, Defendants used only such force as was necessary to bring Plaintiff under control. (Doc. 53, Exs. 2, Declaration of Gary Haywood; Ex. 3, Incident Reports of Gary Haywood, Christopher Brannigan, Shannon Bear, Eric Bailey, James Darland, and Dwayne Hall, attached). For his part, Plaintiff has provided a copy of the Disposition of the Rules Infraction Board in which the board states that, upon review of the videotaped recording of the incident, Plaintiff "was not resistant to orders nor was he assaultive when being escorted to a PC hearing." (Doc. 54, Ex. E). As a result, Plaintiff was found not guilty of any rules infraction. (Id.). As such, the question as to "whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm" remains very much a material question of fact for trial. For this reason, we find that Defendants' Motion for Summary Judgment on this issue is not well taken and should be denied.

Plaintiff next alleges that Defendants Hall and Stalnaker were deliberately indifferent to

4

his serious medical needs. In order to state a claim for relief under 42 U.S.C. § 1983 for a denial of medical care, a prisoner "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prisoner who is allowed to suffer needlessly through a denial of medical care when relief is available has a cause of action under the Eighth Amendment against an individual whose deliberate indifference caused the suffering. Plaintiff must allege that prison officials have denied his reasonable requests for medical care when such need is obvious, and when he is susceptible to undue suffering or threat of tangible residual injury. *Byrd v. Wilson*, 701 F.2d 592, 594 (6th Cir. 1983); *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976); see also *Estelle*, 429 U.S. at 106. Where medical assistance has been administered, such treatment must be so "woefully inadequate as to amount to no treatment at all" in order to give rise to a cause of action under § 1983. *Westlake*, 537 F.2d at 860-61 n.5. Allegations of negligence in diagnosing or treating medical conditions are not actionable under § 1983. *Estelle*, 429 U.S. at 106; *Byrd*, 701 F.2d at 595 n.2; *Westlake*, 537 F.2d at 860-61 n.5. A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement, including proper medical care, only if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Plaintiff has offered no evidence demonstrating a deliberate indifference on the part of Defendants to Plaintiff's serious medical needs. The Eighth Amendment prohibits the infliction of cruel and unusual punishments. It is well settled that, once the state incarcerates a person against his will and restrains his liberty so that he is unable to care for himself, the Eighth Amendment imposes on the state and its agents a corresponding responsibility for the inmate's safety and well being. *Helling,* 509 U.S. at 32. Defendants have offered evidence establishing that Plaintiff was examined by Defendant Hall on July 3, 2008 following the use of force by Defendants Haywood and Brannigan, was treated by Defendant Hall for an abrasion on the wrist and an abrasion on the ankle by cleansing and bandaging the abrasions. (Doc. 53, Ex. 4). In contrast to Plaintiff's claims that Defendant Stalnaker refused to authorize further medical care in response to Plaintiff's 7/7/08 complaints of chest pain, Defendants have offered evidence showing that Plaintiff was examined that same day for said complaints. (Id.). Plaintiff has offered no evidence to rebut this. To the extent Plaintiff disagrees with the course of treatment, such does not amount to deliberate indifference under the Eighth Amendment. The decision of prison officials and doctors to follow one course of treatment over another does not amount to deliberate indifference under the Eighth Amendment. *See Estelle,* 429 U.S. at 107-108; *Westlake,* 537 F.2d at 860-861 n.5. For these reasons, we find that Plaintiff has failed to demonstrate deliberate indifference by Defendants to Plaintiff's serious medical needs.

Lastly, Plaintiff contends that Defendants Collins, South Regional Director, Kerns, Mahlman, and Davis failed to protect him from a known danger, namely threats to his safety by Defendant Haywood. The Eighth Amendment prohibits the infliction of cruel and unusual punishments. It is well settled that the conditions under which a prison inmate is confined and the treatment he receives while incarcerated are subject to Eighth Amendment scrutiny. *Helling*

5

*v. McKinney*, 113 S.Ct. 2475 (1993). Once the state incarcerates a person against his will and restrains his liberty so that he is unable to care for himself, the Eighth Amendment imposes on the state and its agents a corresponding responsibility for the inmate's safety and well being. *Id.* at 2480.

To state an Eighth Amendment claim against prison officials based on their failure to protect him from attack by other inmates, plaintiff must allege facts showing that defendants' conduct amounted to "deliberate indifference" to a known risk of harm to plaintiff. *Farmer v. Brennan*, 511 U.S. 825 (1994). *See also Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Gibson v. Foltz,* 963 F.2d 851, 853 (6th Cir. 1992); *Marsh v. Arn,* 937 F.2d 1056, 1060-61 (6th Cir. 1991); *Walker v. Norris*, 917 F.2d 1449, 1453-54 (6th Cir. 1990). A prison official may be held liable for his failure to protect inmates from attacks by other inmates only if he knows that an inmate faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Prison officials must exhibit more than lack of due care for a prisoner's safety before an Eighth Amendment violation will be found. *Id*. at 835; *Gibson,* 963 F.2d at 853. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. It is not enough that the official "should" have perceived a significant risk, but did not. *Id.* Moreover, liability will not be found where a prison official actually knew of a substantial risk of harm to an inmate if he responded reasonably to the risk, even if the harm ultimately was not averted. *Farmer*, 511 U.S. at 844.

In the present case, Plaintiff states that a protective custody hearing was held on July 3, 2008 and Defendant Haywood was permitted to escort Plaintiff to the hearing despite knowing that the hearing concerned Defendant Haywood. (Doc. 54, at p. 2). Plaintiff further argues that Defendants were aware that Plaintiff's "safety was at risk by Haywood" but that they refused to separate the two. Plaintiff claims that, following the "assault," Plaintiff's request for protective control was denied but his grievance requesting a transfer for safety as a result of the "assault" was granted. However, no evidence of such has been submitted by either party. The question for the court is not whether Defendants are making or made the "right" decision. Rather, the question is whether they are being deliberately indifferent to Plaintiff's safety. *Farmer*, 511 U.S. at 844. We answer this question in the negative. Plaintiff has submitted no evidence indicating that Defendants were aware, or should have been aware, of any risk to his safety by Defendant Haywood. Furthermore, Plaintiff has submitted no evidence that his complaints with respect to protective control were ignored. His conclusory allegations to the contrary (Doc. 34, Am. Compt. ¶¶ 96, 124) are insufficient to state a claim for relief under § 1983. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987). Plaintiff fails to present evidence from which a reasonable jury could conclude that Defendants knew Plaintiff faced a "substantial risk of serious harm" from Defendant Haywood under the circumstances of this case. Accordingly, Plaintiff has failed to establish a prima facie case of deliberate indifference to safety against Defendants.

## IT IS THEREFORE RECOMMENDED THAT

1) Defendants' Motion for Summary Judgment (Doc. 53) should be GRANTED with respect Plaintiff's Eighth Amendment claim against Defendants Collins, the South Regional Director, Kerns, Mahlman, and Davis for failure to protect;

2) Defendants' Motion for Summary Judgment (Doc. 53) should be GRANTED with respect to Plaintiff's Eighth Amendment claim against Hall and Stalnaker for deliberate indifference to serious medical needs; and

4) Defendants' Motion for Summary Judgment (Doc. 53) should be DENIED with respect to Plaintiff's Eighth Amendment claim against Defendants Haywood and Brannigan for excessive use of force.

Date: 9/27/10

Timothy S. Hogan
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING THE FILING
## OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten (10) days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen (13) days (excluding intervening Saturdays, Sundays, and legal holidays) in the event this Report is served by mail, and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation are based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\LES\prisoner1983\Easley4\msj.wpd

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☒ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>David Easley 306-400<br>PO Box 45699<br>Lucasville, OH 45699 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8389 8893 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-02-M-1540 |

1:08cv601 (Doc. 70)