```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

DAVID EASLEY,                    :         NO. 1:08-CV-00601
                                 :
    Plaintiff,                   :
                                 :
  v.                             :         **OPINION AND ORDER**
                                 :
GARY HAYWOOD, et al.,            :
                                 :
    Defendant.                   :

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 70), Plaintiff's Objections (docs. 73, 74), Defendant's Objections (doc. 75), and Plaintiff's Reply (doc. 76).  For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in all respects, and therefore GRANTS IN PART and DENIES IN PART Defendant's Motion for Summary Judgment (doc. 53), such that Plaintiff's claims against Defendants Haywood and Brannigan for excessive use of force survive, while Plaintiff's claims against Defendants Collins, the South Regional Director, Kerns, Mahlman, Davis, Hall, and Stalnaker are all DISMISSED.

**I.  Background**

Plaintiff, an inmate at the Southern Ohio Correctional Facility in Lucasville, Ohio, brings this 42 U.S.C. § 1983 matter alleging that correctional officers used excessive force against him on July 3, 2008, and that afterwards corrections medical staff denied him medical care for his injuries (doc. 1).  He further

alleges that the Warden and others in authority knew of prior threats to his safety by Defendant Correctional Officer Haywood, but denied his request for protective custody and therefore failed to protect him from the alleged July 2008 assault (Id.).

Defendants have moved for summary judgment on each of Plaintiff's claims. In their view any force the correctional officers used was only reasonable force so as to gain control over Plaintiff, who they claim was belligerent, aggressive, and threatening (doc. 53). Defendants further proffer evidence of medical records that show Plaintiff received medical care for his injuries when a nurse cleaned his abrasions with peroxide and gave him bandaids (Id.). Finally, Defendants argue there are no facts or allegations showing a basis for his theory that Defendant supervisors caused or participated in any conduct that led to a deprivation of Plaintiff's constitutional rights (Id.). As such, Defendants contend there is no dispute as to any material fact and they are entitled to judgment as a matter of law (Id.).

Plaintiff opposes Defendants' motion, proffering a copy of the Disposition of the Rules Infraction Board ("RIB") in which the board states that, upon review of the videotaped recording of the incident, Plaintiff "was not resistant to orders nor was he assaultive when being escorted" [by Defendant correctional officers] (Id.). As a result, the RIB did not find Plaintiff guilty of any infraction related to the July 3, 2008 incident

2

(Id.).

The Magistrate Judge issued his Report and Recommendation regarding Defendants' motion for summary judgment on September 27, 2010, in which he carefully reviewed each of Plaintiff's claims (doc. 70). The Magistrate Judge found no basis for Plaintiff's claim for deliberate indifference to serious medical needs, as Plaintiff's medical records show he received medical care on the same date as the altercation (Id.). The Magistrate Judge found such evidence unrebutted, and noted that Plaintiff offered no evidence demonstrating deliberate indifference as to medical needs (Id.).

Similarly, the Magistrate Judge found no evidence supporting Plaintiff's claim that Defendant supervisors were deliberately indifferent to a substantial risk of serious harm posed by Defendant Correctional Officer Haywood (Id.). The Magistrate Judge found Plaintiff's conclusory allegations to the contrary insufficient to convince a reasonable jury that Defendants knew of such a risk (Id.).

However, the Magistrate Judge found a genuine issue of material fact as to Plaintiff's claim that Defendants Branigan and Haywood used excessive force against him during the July 3, 2008 incident (Id.). Specifically, based on the RIB's videotape of the incident, and the RIB's conclusion that Plaintiff was not guilty of any infraction, nor was he resistant to orders or assaultive, the

Magistrate Judge found a question of fact for trial as to "whether the force applied was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm" (Id.).

Accordingly, the Magistrate Judge recommended the Court grant Defendant's motion for summary judgment as to Plaintiff's Eighth Amendment claims against Defendants Hall and Stalnaker for deliberate indifference to serious medical needs, and as to Plaintiff's claim against Defendants Collins, the South Regional Director, Kerns, Mahlman, and Davis for failure to protect (Id.). The Magistrate further recommended, however, that the Court deny Defendant's motion for summary judgment with respect to Plaintiff's Eighth Amendment claim against Defendants Haywood and Branigan for excessive use of force (Id.).

**II. The Parties' Objections to the Magistrate Judge's Report and Recommendation**

    **A. Plaintiff's Objections**

Plaintiff's first objection to the Magistrate Judge's Report and Recommendation is that he swore his allegations were true within the text of his Complaint, so the Magistrate Judge was incorrect in noting in a footnote that the Complaint was neither verified nor supported by affidavit (docs. 73, 74). In support of his failure to protect claim, he attaches a June 16, 2008 letter showing he had requested a protective control hearing because he feared for his life (doc. 73). He further attaches the result of

4

a June 30, 2008 hearing regarding his request for protective control, which shows he had expressed concerns regarding Haywood prior to the July 3, 2008 incident (Id.). He argues Defendants have a policy that protective custody for an inmate can only be granted in the case where another inmate poses a threat, not an employee (Id.). He contends such policy amounts to deliberate indifference where, as here, he was allegedly the target of danger posed by an employee (Id.).

### B. Defendants' Objections

Defendants Haywood and Branigan also objected to the Report and Recommendation, regarding the recommendation the Court deny summary judgment as to their use of force (doc. 75). Defendants contend the record shows Plaintiff only had a small cut on his wrist and ankle after the incident, and the lack of any serious injury should result in the dismissal of Plaintiff's use of force claims (Id. citing Hudson v. McMillian, 503 U.S. 1, 6-7 (1992)(the extent of injury suffered by an inmate is one factor that may suggest whether the use of force in a particular situation was necessary or rather reflects an unjustified infliction of harm)). Defendants further argue that Plaintiff sustained no cognizable physical injury in order to recover anything other than nominal damages under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (Id.). In support of such argument, Defendants cite to Abdur-Raqiyb v. Erie County Med. Ctr., 536 F. Supp. 2d 299

(W.D.N.Y. 2008), in which the Court found that an inmate could not support claims for mental or emotional injury without a prerequisite physical injury (Id.). Finally, Defendants claim they are entitled to qualified immunity (Id.).

### C. Plaintiff's Response to Defendants' Objections

Plaintiff responds that his injuries were not minor, but involved dislocation of his shoulder blade and collar bone, bleeding, persistent back pain, shoulder pain, joint pain, and a sore collar bone (doc. 76). He further contends that his injuries were not fully reported by Defendant Nurse Hall because she is the girlfriend of one of the Defendant correction officers (Id.). Finally, Plaintiff correctly states that guards do not have the right to beat prisoners unless action is reasonable given the situation, and contends because the video shows he did not resist orders, the actions by Defendants Haywood and Branigan in slamming him to the floor amount to excessive force (Id.).

### III. Discussion

As an initial matter, the Court finds no real issue that Plaintiff swore to the truth of the allegations in his Complaint. Regardless of such pleading, his claims must all be supported by more than mere conclusory allegations. The Court will review the evidence before it relating to each of Plaintiff's three claims.

The documents Plaintiff submitted in support of his failure to protect claim demonstrate that Defendants conducted an

inquiry into his request for protective control, found no basis for Plaintiff's allegations, and therefore denied his grievance. The review of Plaintiff's grievance reflects that several interviews were conducted, and such grievance was taken seriously. Moreover, such process granted to Plaintiff shows that even if Defendants have a policy denying protective custody to inmates as a result of threats from employees, Defendants investigate complaints regarding any such alleged threats, which they take seriously. Should such a threat by an employee against an inmate be found substantiated, the Department would have other remedies available, including termination of such employee, and there would be no need to grant an inmate protective control. The Court finds no deliberate indifference to Plaintiff's safety in this case, and the evidence he proffers himself actually demonstrates this is the case. The Court therefore adopts and affirms the Magistrate Judge's well-reasoned analysis as to such claim, which it incorporates by reference.

Similarly, Defendants proffered documents in support of their motion for summary judgment that undermine their theory that Plaintiff's injuries were minor. Defendants base their argument on the fact that the medical record on the day of the incident shows Plaintiff suffered two small abrasions. Defendants state, "[s]imply stated, two small cuts do not make out a federal case" (doc. 75). The Court finds such characterization of the evidence

unfair and distorted. First, Haywood's affidavit shows he "took [Plaintiff] to the floor," and then later during further struggle Plaintiff fell again to the floor (doc. 53). Thus, taking Haywood's testimony as completely true, Plaintiff hit the cement floor at least twice, and very foreseeably could have suffered more than the visible abrasions reported on the day of the incident. Second, and even more illuminating, is Plaintiff's medical record. It reflects that within only a few days Plaintiff sought help for rib cage pain, back pain, shoulder injury, and that within a month he was still having such pain. He reported such pain yet again in early October 2008. The record reflects he was given medication, and not viewed as a malingerer. This evidence does not reflect that Plaintiff merely suffered two small cuts from his encounter with Defendants Haywood and Branigan.

The Court further questions Defendants' invocation of <u>Abdur-Raqiyb</u>, 536 F. Supp.2d 299, as the record shows Plaintiff had a prerequisite physical injury. In any event, the Court finds issues of damages is not a dispositive question, but is a determination to be made in a damages calcuation if and when liability is determined. Defendants' attention to such question is premature, and the Court need not reach it at this time.

Defendants also claim they are entitled to qualified immunity. The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their

conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity balances two important interests--the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. Pearson v. Callahan, 129 S.Ct. 808, 815 (2009). Because qualified immunity is "an immunity from suit rather than a mere defense to liability. . .it is effectively lost if a case is erroneously permitted to go to trial." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). As such, whether a defendant is entitled to qualified immunity is a question to be resolved at the earliest possible stage of litigation. Saucier v. Katz, 533 U.S. 194 (2001).

Plaintiff has proffered evidence, his own testimony, regarding his version of what took place on July 3, 2008. Only a jury, as fact-finder, can make a credibility determination about whether what he claims is true. Clearly, any reasonable correctional officer would know it is unconstitutional to physically attack an inmate who is complying with orders. Moreover, claims regarding use of excessive force are clearly established as a matter of constitutional law. Hudson, 503 U.S. 1., Whitley v. Albers, 475 U.S. 312 (1986). The Court rejects Defendants' claim that they are entitled to qualified immunity.

9

Finally, for the sake of clarity, the Court finds no basis for Plaintiff's claim that he was denied medical care. The record shows Defendants were not deliberately indifferent to Plaintiff's medical needs, but that on the very day of the incident, they administered first aid. The Court finds the Magistrate Judge's analysis as to such claim thorough and complete, and adopts and incorporates such analysis here.

## IV. Conclusion

Having reviewed this matter, the Court finds neither Plaintiff's nor Defendants' Objections to the Magistrate Judge's Report and Recommendation well-taken. The evidence the parties proffer actually undermines their respective positions. The Court finds no basis to reject the Magistrate Judge's conclusion that Plaintiff's claims for denial of medical care and for failure to protect are unsupported and merit dismissal as a matter of law. However, the Court agrees that Plaintiff has proffered RIB evidence that throws into question whether the force Defendants Haywood and Branigan applied amounted to a good-faith effort to maintain or restore discipline, or rather amounted to a malicious effort to cause harm to an inmate that was not resistant to orders. Plaintiff and Defendants have starkly different accounts of what took place among them on July 3, 2008. The determination of what actually took place requires an assessment of credibility, which is within the province of the jury. Moreover, should the jury

determine Defendants acted maliciously toward Plaintiff, they can further weigh the evidence regarding the extent Plaintiff was harmed.

Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 70), in all respects, and therefore GRANTS IN PART and DENIES IN PART Defendants' Motion for Summary Judgment (doc. 53), such that Plaintiff's claims against Defendants Haywood and Brannigan for excessive use of force survive, while Plaintiff's claims against Defendants Collins, the South Regional Director, Kerns, Mahlman, Davis, Hall, and Stalnaker are all DISMISSED.  The Court further sets this matter for a final pretrial conference at 2:00 P.M. on May 11, 2011, and for a three-day jury trial, to commence June 14, 2011.

SO ORDERED.


Dated: March 1, 2011           /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge

11