```
                UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF OHIO
                      WESTERN DIVISION
```

DAVID EASLEY,                   :       NO. 1:08-CV-00601
                                :
    Plaintiff,                  :
                                :
  v.                            :       **OPINION AND ORDER**
                                :
GARY HAYWOOD, et al.,           :
                                :
    Defendants.                 :


        This matter is before the Court on the Motion of Counsel to Withdraw from Representation of David Easley (doc. 160), Plaintiff's Motion to Appoint New Counsel (doc. 161), Defendants' Memorandum in Opposition to Plaintiff's Motion (doc. 163), and Plaintiff's Reply (doc. 164).  For the reasons indicated herein, the Court GRANTS the Motion of Counsel to Withdraw (doc. 160), but DENIES Plaintiff's Motion to Appoint New Counsel (doc. 161).

        Plaintiff is an inmate at the Southern Ohio Correctional Facility in Lucasville, Ohio, who brings this 42 U.S.C. § 1983 matter alleging that corrections officers used excessive force against him (doc. 1).  In its June 29, 2011 Order, the Court appointed Attorneys Renée A. Infante and Sara E. Abbott of the firm Waite, Schneider, Bayless & Chesley to represent Plaintiff in this matter (doc. 93).  Although the Court has observed incredibly zealous, competent, and consistent representation by such attorneys, it appears Plaintiff became dissatisfied and began to operate independently, and even in defiance of, his attorneys.

Counsel indicate that Plaintiff has insisted on courses of action which are actually adverse to his own interest (doc. 160).  As such, Counsel, taking into consideration their responsibilities under the Ohio Rules of Professional Conduct, have requested to withdraw from representation of Plaintiff (Id.).  Having considered the Motion of Counsel, finding it unopposed, and taking it in good faith, the Court GRANTS the motion to withdraw from representation (doc. 160).

After seeing Counsel's motion, Plaintiff filed his Motion to Appoint New Counsel (doc. 161).  Plaintiff indicates he needs counsel to conduct additional discovery, and complains that his former counsel failed to amend his pleading to add a conspiracy claim and additional defendants (Id.).  Plaintiff indicates he has contacted private firms and public interest law offices, without success in obtaining new counsel (Id.).  As such, he requests the Court appoint counsel (Id.).

Defendants oppose Plaintiff's motion, indicating in their view Plaintiff's former counsel left no stone unturned in discovery, having conducted depositions, reviewed hundreds of pages of institutional files, medical records, and policies and procedures (doc. 163).  At the close of such discovery, Defendants indicate Plaintiff's counsel appeared to make every attempt to enter into a just and reasonable settlement for Plaintiff (Id.).  In Defendants' view, there simply is no need for further discovery

in this matter (Id.).  Defendants further contend there is no basis for Plaintiff to add a conspiracy claim or additional defendants (Id.).

Moreover, Defendants correctly note that the appointment of counsel in a civil proceeding is not a constitutional right, and is only justified by exceptional circumstances (Id.).  Defendants contend Plaintiff has not offered any evidence of exceptional circumstances justifying an appointment of new counsel (Id.). Finally, in Defendants' view, should the Court appoint new counsel, they should be entitled to seek summary judgment based on their discovery, and they intend to raise the issue of qualified immunity (Id.).

Plaintiff replies that he cannot afford counsel (doc. 164).  Plaintiff indicates he is unable to prosecute his case, and that counsel would better be able to assist him with presentation of evidence and examination of witnesses (doc. 164).

Having reviewed Plaintiff's motion, the Court finds Defendants' position well-taken that Plaintiff's former counsel conducted comprehensive discovery such that this case is on track for trial as scheduled.  The Court disagrees that Plaintiff is unable to proceed pro se, as his present filings, as well as his filings previous to the appointment of counsel, show he is able to express his position.  Plaintiff has not shown exceptional circumstances justifying a need for new counsel, as his former

counsel conducted a massive discovery effort on his behalf, which he can use in his favor in stating his case to a jury.  This case will therefore proceed to trial, as scheduled, on November 13, 2012, and Plaintiff will litigate it pro se on his claims of excessive force.

Accordingly, the Court GRANTS, for good cause, the Motion of Counsel to Withdraw from Representation of David Easley (doc. 160), and DENIES Plaintiff's Motion to Appoint New Counsel (doc. 161).


SO ORDERED.


Dated: July 24, 2012              /s/ S. Arthur Spiegel                 
                                  S. Arthur Spiegel
                                  United States Senior District Judge