```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

DAVID EASLEY,                         :       NO. 1:08-CV-00601
                                      :
    Plaintiff,                        :
                                      :
  v.                                  :       **OPINION AND ORDER**
                                      :
GARY HAYWOOD, et al.,                 :
                                      :
    Defendants.                       :

This matter is before the Court on the following matters: Plaintiff's Motions to Appoint Assistant Counsel and to Request Mediation (docs. 167, 168), Defendants' Response (doc. 169), and Plaintiff's Reply (doc. 172); Plaintiff's Request for Entry of Default and Motion for Default Judgment, Motion for Leave to File Amended Complaint, Motion to Compel, and Notice of Declaration of Default (docs. 170, 171, 173, 174, 175), and Defendants' Response (doc. 177); Plaintiff's "Supplement Complaint Emergency" (doc. 178), and Defendants' Response (doc. 180); and Plaintiff's "Emergency Preliminary Injunction Declaration" (doc. 179), and Defendants' Response (doc. 181). Also before the Court are Defendants' Motion for Summary Judgment (doc. 176), Plaintiff's Response (doc. 183), and Defendants' Reply (doc. 187); Plaintiff's Motion to Strike Defendants' Motion for Summary Judgment (doc. 182), and Defendants' Response (doc. 188); Plaintiff's Motions for Subpoenas (docs. 185, 186), and Defendants' Response (doc. 189); Plaintiff's Motion to Compel and for

Sanctions (doc. 195), Plaintiff's Motion in Limine (doc. 198), and Defendants' Combined Response (doc. 199); and Plaintiff's Motion to Proceed to Trial (doc. 200).

For the reasons indicated herein, the Court DENIES Plaintiff's motions (docs. 167, 168, 170, 171, 173, 174, 175, 178, 179, 182, 185, 186, 195, 200) as well as Defendants' Motion for Summary Judgment (doc. 176). The Court will hold Plaintiff's liminal motion (doc. 198) in abeyance until trial. Finally, the Court SETS this matter for final pretrial conference on February 6, 2013, and SCHEDULES the three-day jury trial to commence on March 5, 2013, on an on-deck basis.

## I. Background

Plaintiff is an inmate at the Southern Ohio Correctional Facility in Lucasville, Ohio, who brings this 42 U.S.C. § 1983 matter alleging that corrections officers used excessive force against him (doc. 1). Plaintiff is a prolific filer, for whom the Court took the extraordinary step of appointing Counsel. The Court released Counsel from representation, after it became clear that Plaintiff was operating independently of Counsel and adverse to his own interests. The parties have engaged in extensive settlement negotiations, which have not resolved this matter. The Court will address Plaintiff's various motions seriatum, Defendants' motion for summary judgment, and Plaintiff's subsequent motions.

2

**II. Plaintiff's Motions**

    **A. Motions for Counsel and Mediation**

Plaintiff moves for the appointment of new counsel and requests mediation (docs. 167, 168). Defendants note this is Plaintiff's fifth request for the appointment of counsel, and that after Plaintiff's previous request, the Court found no exceptional circumstances to justify such an appointment (doc. 165). In fact, as noted above, the Court already appointed counsel, which very competently conducted discovery for Plaintiff, despite his lack of cooperation with such counsel. As for mediation, the Court agrees with Defendants that this matter has already been subject to numerous mediation efforts, and the time is now more than ripe to move forward with trial. As such, the Court DENIES Plaintiff's motions (docs. 167, 168).

    **B. Motion for Default, Motion for Leave to Amend, Motion to Compel, and Declaration of Entry of Default**

Plaintiff seeks default judgment (docs. 170, 171) under the theory that Defendants did not timely respond to his Complaint. The record shows Plaintiff's request is without merit, and as such, the Court DENIES Plaintiff's motion (docs. 170, 171).

Plaintiff further seeks to amend his Complaint to add claims for conspiracy, failure to protect, deliberate indifference

3

and conspiracy to commit murder (doc. 173). Although Defendants correctly note the liberal standard of Fed. R. Civ. P. 15 that governs motions to amend, they oppose Plaintiff's motion as brought in bad faith, and contend it will create undue prejudice (doc. 177). Defendants contend Plaintiff's request to amend came fourteen months after he became aware of potential additional issues, which evidences bad faith (Id.). In Defendants' view, it is not in the interests of justice to permit such amendment now, and in any event, Plaintiff failed to plead his claims for conspiracy with the requisite specificity (Id.).

The Court agrees that permitting Plaintiff to amend his Complaint at this late stage of litigation, when he had opportunity to do so much earlier, would only prejudice Defendants, create delay, and require the expenditure of significant additional resources on the part of the Defendants. Under these circumstances justice does not require leave to amend, but to the contrary, requires denial of such request. Phelps v. McClellan, 30 F.3d 658, 662-63 (6th Cir. 1994). Accordingly, the Court DENIES Plaintiff's motion (doc. 173).

Plaintiff next seeks to compel certain documents from his former counsel he claims were removed from his mail (doc. 174). Defendants indicate the documents removed were disciplinary records of correctional staff, which are subject to the Stipulated Protective Order (doc. 126) in force in this matter, such that Plaintiff was

4

properly denied access (doc. 177). Counsel for Defendants indicates she instructed prison staff to allow Plaintiff to access all records save for those covered by the Protective Order. Under such circumstances, the Court finds no basis to order production of documents contrary to the previous Order. Accordingly, the Court DENIES Plaintiff's motion (doc. 174).

Plaintiff's "Declaration Entry of Default" (doc. 175), is another filing regarding discovery, which Defendants contend is covered in large part by the above-referenced protective order (doc. 177). Defendants further contend to the extent documents are not so covered, discovery ended as of August 1, 2012 (Id.). Finally, Defendants contend the Use of Force Reports Plaintiff seeks are attached to Defendants' Motion for Summary Judgment as Exhibits S and T, such that Plaintiff's request as to such documents is now moot. The Court agrees with Defendants in all respects and DENIES Plaintiff's motion (doc. 175).

### C. Plaintiff's "Supplement Complaint Emergency"

In Plaintiff's next filing, he reiterates his concern that documents were removed from his mail, and additionally alleges he is being fined for damage caused to state property, and that various state employees are attempting to procure portions of his anticipated settlement (doc. 178). Defendants respond that the issue regarding documents was already covered in relation to the protective order

5

in this matter, and there is no settlement compensation being offered at this time (doc. 180). Moreover, Defedants indicate any damages Plaintiff may have caused to state property is an issue between him and his housing institution (Id.).

The Court again agrees with Defendants that Plaintiff's concerns regarding documents are covered by the protective order. The Court further finds Plaintiff's concerns speculative regarding any threat to settlement compensation, as Plaintiff has declined all settlement offers such that no settlement exists. The Court finds Defendants' Response well-taken, and DENIES Plaintiff's filing (doc. 178).

### D. Plaintiff's "Emergency Preliminary Injunction"

In the last of Plaintiff's set of filings, Plaintiff repeats his concerns regarding documents, claims he is falsely charged of destruction of state property, and repeats his concern that corrections officers plan to take his settlement funds (doc. 179). Plaintiff further raises again a claim for medical deliberate indifference (Id.). Defendants respond that all documents have been provided to Plaintiff with the exception of those covered by the protective Order (doc. 181). The Court finds Plaintiff's motion cumulative, and notes it has already dismissed Plaintiff's claim for medical deliberate indifference (doc. 70). Under these circumstances, the Court DENIES Plaintiff's filing (doc. 179).

**III. Defendants' Motion for Summary Judgment**

    **A. Applicable Legal Standard**

Although a grant of summary judgment is not a substitute for trial, it is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; see also, e.g., Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464 (1962); LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378 (6th Cir. 1993); Osborn v. Ashland County Bd. of Alcohol, Drug Addiction and Mental Health Servs., 979 F.2d 1131, 1133 (6th Cir. 1992) (per curiam). In reviewing the instant motion, "this Court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Patton v. Bearden, 8 F.3d 343, 346 (6th Cir. 1993), quoting in part Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-252 (1986) (internal quotation marks omitted).

    The process of moving for and evaluating a motion for summary judgment and the respective burdens it imposes upon the movant and the non-movant are well settled. First, "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those

7

portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact [.]" Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also LaPointe, 8 F.3d at 378; Guarino v. Brookfield Township Trustees, 980 F.2d 399, 405 (6th Cir. 1992); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). The movant may do so by merely identifying that the non-moving party lacks evidence to support an essential element of its case. See Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A., 12 F.3d 1382, 1389 (6th Cir. 1993).

Faced with such a motion, the non-movant, after completion of sufficient discovery, must submit evidence in support of any material element of a claim or defense at issue in the motion on which it would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. See Celotex, 477 U.S. at 317; Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). As the "requirement [of the Rule] is that there be no genuine issue of material fact," an "alleged factual dispute between the parties" as to some ancillary matter "will not defeat an otherwise properly supported motion for summary judgment." Anderson, 477 U.S. at 247-248 (emphasis added); see generally Booker v. Brown & Williamson Tobacco Co., Inc., 879 F.2d 1304, 1310 (6th Cir. 1989). Furthermore, "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be

8

insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." Anderson, 477 U.S. at 252; see also Gregory v. Hunt, 24 F.3d 781, 784 (6th Cir. 1994). Accordingly, the non-movant must present "significant probative evidence" demonstrating that "there is [more than] some metaphysical doubt as to the material facts" to survive summary judgment and proceed to trial on the merits. Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 339-340 (6th Cir. 1993); see also Celotex, 477 U.S. at 324; Guarino, 980 F.2d at 405.

Although the non-movant need not cite specific page numbers of the record in support of its claims or defenses, "the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies." Guarino, 980 F.2d at 405, quoting Inter-Royal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989) (internal quotation marks omitted). In contrast, mere conclusory allegations are patently insufficient to defeat a motion for summary judgment. See McDonald v. Union Camp Corp., 898 F.2d 1155, 1162 (6th Cir. 1990). The Court must view all submitted evidence, facts, and reasonable inferences in a light most favorable to the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); United States v. Diebold, Inc., 369 U.S. 654

(1962). Furthermore, the district court may not weigh evidence or assess the credibility of witnesses in deciding the motion. See Adams v. Metiva, 31 F.3d 375, 378 (6th Cir. 1994).

Ultimately, the movant bears the burden of demonstrating that no material facts are in dispute. See Matsushita, 475 U.S. at 587. The fact that the non-moving party fails to respond to the motion does not lessen the burden on either the moving party or the Court to demonstrate that summary judgment is appropriate. See Guarino, 980 F.2d at 410; Carver v. Bunch, 946 F.2d 451, 454-455 (6th Cir. 1991).

    B.    The Parties' Arguments

Defendants move for summary judgment, contending discovery in this matter "refutes Plaintiff's chronology of events," such that "there is no evidence Defendants engaged in excessive force," and they are entitled to qualified immunity (doc. 176). Defendants challenge Plaintiff's allegation that Defendant Haywood knew Haywood was transporting Plaintiff to a hearing regarding Plaintiff's complaints about Haywood, because a form Plaintiff completed did not identify Haywood, and because the proper grievance process regarding staff does not involve protective control hearings (Id.). Defendants question Plaintiff's motivation behind this lawsuit, and claim the surveillance video of the altercation between Plaintiff and Defendants "establishes" a number of facts, including

10

that Plaintiff made threatening comments to Defendant Haywood (Id.). Defendants argue Haywood's actions were justifiable use of force per policy in light of Plaintiff's previous behavior, and Plaintiff's refusal to follow orders and in making verbal threats (Id.). Defendants proffer evidence that an internal investigation yielded reports showing the use of force against Plaintiff was justified (Id.).

Plaintiff responds that prison guards "go Hollywood" for the surveillance cameras, as there is no sound, such that they can stage events to appear they have been provoked by inmates (doc. 183). Plaintiff questions the internal investigations, contending prison staff protect one another's interests, for fear of retaliation should they fail to do so (Id.). Plaintiff attaches an affidavit to his response in which he avers that he had previous problems with Defendant Haywood in May and June 2008, just prior to the altercation at issue in this matter (Id.). Finally, Plaintiff properly indicates that the issue of qualified immunity was already raised and adjudicated in this matter (Id.).

In Defendants' reply, the Court finds they essentially reiterate their position, and address a number of issues that do not get to the heart of the matter (doc. 187). Having reviewed the video of the altercation, it is in no way "established" that Plaintiff made threatening comments to Defendant Haywood, as the video has no

11

soundtrack.  Indeed, the video shows Defendant Haywood suddenly and forcefully taking Plaintiff to the floor after the two appeared to be walking normally down the corridor.  Plaintiff contends he was not resisting Defendant Haywood when Haywood pushed him into a window, grabbed him and slammed him to the floor.  Plaintiff's contention could be found by a jury to be true, or, in the alternative a jury might accept Defendants' view and find Plaintiff himself "went Hollywood."  The video alone is not dispositive of whether Plaintiff provoked Defendant Haywood.  Nor does the video establish alone the case against Defendant Brannigan, who escorted Plaintiff, while Plaintiff was bent over with his pants down, away from the scene of the altercation.

Moreover, Defendants' emphasis on whether Defendant Haywood knew the purpose of the hearing to which he was escorting Plaintiff is immaterial.  If a jury would give credence to Plaintiff's testimony that Defendants' actions were unprovoked, it could conclude the force used by Defendants was malicious and sadistic.  Excessive force is found in Sixth Circuit precedent where those receiving force were compliant or were not resisting authority.  <u>Hagans v. Franklin County Sheriff's Office</u>, 695 F.3d 505, 509 (6th Cir. 2012)(citing cases).  Moreover, Plaintiff's affidavit shows Defendant Haywood and Plaintiff had previous incidents prior to the one at issue, such that, if believed by a jury, Defendant could be found to have had motivation

12

to act against Plaintiff.

The Court further finds well-taken Plaintiff's position that it has already ruled on the question of qualified immunity in its Order of March 2, 2011 (doc. 81), in which it stated:

> Plaintiff has proffered evidence, his own testimony, regarding his version of what took place on July 3, 2008. Only a jury, as fact-finder, can make a credibility determination about whether what he claims is true. Clearly, any reasonable correctional officer would know it is unconstitutional to physically attack an inmate who is complying with orders.  Moreover, claims regarding the use of excessive force are clearly established as a matter of constitutional law.

Questions of qualified immunity, moreover, are to be resolved at the earliest possible stage of litigation, Saucier v. Katz, 533 U.S. 194 (2001).  The Court is at a loss to see here how additional discovery has made the repeated invocation of qualified immunity at this late stage of litigation appropriate.  Indeed, the Court's previous ruling should be considered law of the case.

**IV.  Remaining Matters**

In addition to his other filings, Plaintiff filed a Motion to Strike Defendants' Summary Judgment Motion (doc. 182), and Motions for Subpoenas (docs. 185, 186).  The Court finds Plaintiff's motion to strike duplicative and in any event, moot, due to its ruling adverse to Defendants' position.  Plaintiff's subpoena requests appear to seek work product from his former attorneys, as well as

13

disciplinary files that are subject to the protective Order in this case. The Court agrees with Defendants' position that Plaintiff appears to be seeking discovery that has been previously addressed or deemed unnecessary by former counsel, or to which he is not entitled. The Court does not find such motions well-taken, and denies them.

Finally, Plaintiff filed a Motion to Compel and for Sanctions (doc. 195), a Motion in Limine (doc. 198), and a Motion to Proceed to Trial (doc. 200). The Court agrees with Defendants that Plaintiff's Motion to Compel is duplicative in that his request for disciplinary records of Defendants is barred by the protective order (doc. 126), and that Defendants have produced all documents consistent with such order and security policies. As such, the Court denies the motion.

Plaintiff's Motion to Proceed to Trial is rendered moot by this Order, which sets trial, and thus is denied. Finally, the Court will hold in abeyance Plaintiff's liminal motion regarding his disciplinary history, and will rule on such motion at trial should the door be opened for introduction of such evidence.

**IV. Conclusion**

This case at its essence is not a complicated one, it turns on whether Defendants used unprovoked malicious force against Plaintiff. In the Court's view only a jury can properly evaluate the

14

credibility of the parties, the video of the altercation, and potentially other record evidence to arrive at a determination whether Plaintiff suffered excessive force at the hands of Defendants.

Accordingly, for the reasons indicated herein, the Court DENIES Plaintiff's motions (docs. 167, 168, 170, 171, 173, 174, 175, 178, 179, 182, 185, 186, 195, 200) as well as Defendants' Motion for Summary Judgment (doc. 176). The Court will hold Plaintiff's liminal motion (doc. 198) in abeyance until trial. Finally, the Court SETS this matter for final pretrial conference on February 6, 2013, and SCHEDULES the three-day jury trial to commence on March 5, 2013.

SO ORDERED.


Dated: January 17, 2013         s/S. Arthur Spiegel
                                S. Arthur Spiegel
                                United States Senior District Judge