UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DAVID EASLEY, | Case No. 1:08-cv-601 |
| Plaintiff, | Judge Timothy S. Black |
| vs. | |
| GARY HAYWOOD, *et al.* | |
| Defendants. | |

**ORDER DENYING PLAINTIFF'S MOTION IN LIMINE (Doc. 198)**

This civil action is before the Court's on *pro se* Plaintiff's motion *in limine* to exclude evidence of his prison discipline and conduct record (Doc. 198) and Defendants' memorandum in opposition (Doc. 199).[1] Plaintiff did not file a reply memorandum.

**I. BACKGROUND**

Plaintiff, an inmate at the Southern Ohio Correctional Facility in Lucasville, Ohio, alleges that Defendants Haywood and Brannigan, corrections officers at the facility, used excessive force against him. (Doc. 10).

In the instant motion, Plaintiff seeks the exclusion of his prison conduct reports and disciplinary reports at trial. Plaintiff argues that these reports are not relevant to the

---

[1] In his motion, Plaintiff also seeks a protective order. (Doc. 198). The court may enter a protective order pursuant to Fed. R. Civ. P. 26(c), which states, in part, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Plaintiff's motion does not include such a certification, and the Court cannot discern what protective action Plaintiff seeks, apart from exclusion of the identified evidence at trial. For these reasons, the Court declines to issue a protective order at this time.

claim he brings against Defendants for excessive force. Plaintiff further argues that the introduction of these reports would be prejudicial.

## II. ANALYSIS

Because a ruling on a motion *in limine* is subject to change as the case unfolds, this Court's ruling on Plaintiff's motion *in limine* constitutes a preliminary determination in preparation for trial. *See Luce v. United States*, 469 U.S. 38, 41-42 (1984); *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994).

Federal Rule of Evidence 401 defines relevant evidence as evidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.[2] Even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

Exclusion under Rule 403 is an extraordinary measure that should be exercised sparingly. *United States v. Morris*, 79 F.3d 409, 412 (5th Cir. 1996) ("Because Rule 403 requires the exclusion of relevant evidence, it is an extraordinary measure that should be used sparingly."). Courts are "generally reluctant to grant broad exclusions of evidence *in limine*, because 'a court is almost always better situated during the actual trial to assess the value and utility of evidence.'" *Bishop v. Children's Ctr. for Developmental*

---

[2] *See also* Advisory Committee Notes to 1972 Proposed Rules ("The fact to be proved may be ultimate, intermediate, or evidentiary; it matters not, so long as it is of consequence in the determination of the action. . . . The fact to which the evidence is directed need not be in dispute. . . . Evidence which is essentially background in nature can scarcely be said to involve disputed matter, yet it is universally offered and admitted as an aid to understanding.").

2

*Enrichment*, No. 2:08cv766, 2011 WL 6752071, at *1 (S.D. Ohio Dec. 22, 2011). However, a trial court has broad discretion in deciding admissibility issues under Rule 403. *Tschira v. Willingham*, 135 F.3d 1077, 1087 (6th Cir. 1998).

Defendants argue that the evidence Plaintiff seeks to exclude is admissible pursuant to Federal Rule of Evidence 404(b). Under Rule 404(b), evidence of crimes, wrongs, or other acts, while not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character, may be admissible for purposes such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Defendants anticipate that they will use the evidence at issue to demonstrate Plaintiff's intention, motive, and plan in: 1) routinely inciting the need for use of force or an extraction team to stabilize and secure a situation in the prison; 2) proceeding through the available grievance process; and 3) petitioning courts for relief. Thus, Defendants have presented a context in which Plaintiff's disciplinary record is relevant to Plaintiff's claim and invoked a rule that allows for the admission of such evidence.

"[E]vidence is not prejudicial merely because it damages the opposing party's case." *West v. Love*, 776 F.2d 170, 174 (7th Cir. 1985) (citing *United States v. Medina*, 755 F.2d 1269, 1274 (7th Cir. 1985)). To overcome Defendants' proposed use of the evidence on the basis of prejudice, Plaintiff must demonstrate that the probative value of the evidence is *substantially* outweighed by the danger of *unfair* prejudice. *See United States v. Allen*, 619 F.3d 518, 523 (6th Cir. 2010) (citing *United States v. Mack*, 258 F.3d

3

548, 553 (6th Cir. 2001) (emphasis added)). Plaintiff's conclusory argument does not make such a showing.

### III. CONCLUSION

Accordingly, based on the foregoing, Plaintiff's motion *in limine* (Doc. 198) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Date: 11/3/14

Timothy S. Black
United States District Judge

4