# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| DAVID EASLEY, | : | Case No. 1:08-cv-601 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| v. | : | **PLAINTIFF DAVID EASLEY'S MOTIONS** |
| | : | **IN LIMINE TO EXCLUDE EVIDENCE AS** |
| GARY HAYWOOD, *et al.* | : | **IRRELEVANT AND INADMISSIBLE** |
| | : | **PURSUANT TO THE FEDERAL RULES** |
| Defendants. | : | **OF EVIDENCE** |

Pursuant to Federal Rules of Evidence 401, 402, 403, 404 and 802, Plaintiff David Easley moves this Court to exclude from admission at trial all evidence of, and argument and questioning about: (1) lawsuits and grievances previously filed by Mr. Easley which are unrelated to the incident at issue in this case, (2) Mr. Easley's prison disciplinary record and use of force incident reports, including any and all altercations with prison officials, which are not related to the July 3, 2008 incident, and (3) prior performance evaluations of Defendants Haywood and Brannigan.

Additionally, Mr. Easley moves this Court to prohibit Defendants from testifying that Mr. Easley had previously "slipped his cuffs" or escaped out of his cuffs because there is not sufficient evidence that this prior act actually occurred. None of the conduct reports or use of force incident reports produced during this litigation reflect that Mr. Easley ever escaped from his cuffs. Moreover, Defendants' own testimony to this fact is inadmissible hearsay. Accordingly, any testimony that Mr. Easley previously "slipped his cuffs" must be prohibited.

This Motion is supported by the attached Memorandum in Support.

Respectfully submitted,

***/s/ Christen M. Steimle***
Sarah B. Cameron, Esq. (0091319)
Christen M. Steimle, Esq. (0086592)
Dinsmore & Shohl LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Phone:  (513) 977-8200
Fax:     (513) 977-8141
Email: sarah.cameron@dinsmore.com
Email: christen.steimle@dinsmore.com
***Attorneys for Plaintiff David Easley***

**MEMORANDUM IN SUPPORT**

**I.     Introduction**

In this lawsuit, Plaintiff David Easley asks a jury to decide whether Defendants Gary Haywood and Christopher Brannigan used excessive force while escorting him from his cell to a protective custody hearing on July 3, 2008.  After waiting more than six years, Mr. Easley will finally have his day in court.  To ensure that all issues are fairly presented to the jury, Mr. Easley asks this Court to exclude certain evidence because it is inadmissible under the Federal Rules of Evidence.

Specifically, Mr. Easley asks this Court to exclude evidence pertaining to: (1) other grievances and lawsuits he has filed in the past and which are unrelated to the incident at issue in this case, and (2) his prison disciplinary record and other use of force incidents to the extent they are unrelated to this incident.  This evidence must be excluded because it is impermissible character evidence which Defendants would offer only to show that Mr. Easley had engaged in prior violent acts and thus acted in conformity with these prior acts on July 3, 2008.  This evidence is strictly prohibited by Federal Rule of Evidence 404(b).

Similarly, Defendants should be prohibited from introducing their prior performance evaluations.  Both Defendants had been employed by Southern Ohio Correctional Facility ("SOCF"), where the events at issue in this case occurred, for a substantial period and had received performance evaluations prior to the July 3, 2008 incident.  Federal Rule of Evidence 404 similarly prohibits the introduction of these performance evaluations to show that Defendants acted in conformity with these evaluations on July 3, 2008, which is at issue in this case.  Moreover, this evidence is

not probative to how the Defendants behaved on July 3, 2008. Accordingly, the Court should exclude this evidence.

Finally, Mr. Easley asks this Court to prohibit Defendants Haywood and Brannigan from offering any testimony or other evidence that Mr. Easley had previously "come out of his cuffs" or "slipped his cuffs." None of the disciplinary conduct reports or use of force incident reports reflect that Mr. Easley ever slipped out of his cuffs. And, Defendants' testimony is not based on personal knowledge. Instead, it based on the conversations and statements of other unidentified individuals. This testimony is inadmissible hearsay. Accordingly, there is not sufficient evidence to show that Mr. Easley ever actually slipped his cuffs, and therefore, under well-settled Sixth Circuit law, testimony regarding this "prior act" cannot be admitted.

## II.     Law and Argument

Only evidence that is relevant is admissible at trial. Fed. R. Evid. 402. Evidence is relevant only if "it has any tendency to make a fact more or less probable than it would be without the evidence" *and* "the fact is of consequence in determining the action." Fed. R. Evid. 401. Even evidence that is deemed "relevant" *must* be excluded "if its probative value is substantially outweighed by . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Importantly, "character evidence" is inadmissible to show that an individual acted in conformity with that character trait on a particular occasion. Fed. R. Evid. 404(a)(1). Similarly, evidence of "other acts" is "not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). But evidence of "other acts" might be

4

admissible for other limited purposes, such as to demonstrate bias or motive.  *See* Fed. R. Evid. 404(b)(2).

The Sixth Circuit follows a three-prong analysis in determining whether evidence of "other acts" is admissible under Rule 404(b):

> First, the district court must decide whether there is sufficient evidence that the other act in question actually occurred. Second, if so, the district court must decide whether the evidence of the other act is probative of a material issue other than character. Third, if the evidence is probative of a material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect.

*United States v. Clay*, 667 F.3d 689, 693 (6th Cir. 2012) (quoting *United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir. 2003)).

### A. Evidence of Other Lawsuits and Grievances Previously Filed by Mr. Easley Should be Excluded Because They are Unrelated to the Incident at Issue in this Case and Thus are Irrelevant.

"Rule 404(b) prevents [d]efendants from using lawsuits or grievances that occurred under different circumstances and were brought against different individuals to show bias or motive for filing the instant lawsuit." *Lovett v. Cole*, No. 1:11-cv-277, 2014 U.S. Dist. LEXIS 157756, *10 (S.D. Ohio Nov. 7, 2014). *See also Henderson v. Peterson*, No. C07-2838 SBA, 2011 U.S. Dist. LEXIS 76799, *16-17 (N.D. Cal. July 15, 2011) (granting an excessive force plaintiff's motion to exclude evidence of other complaints and lawsuits filed by the prisoner "that are unrelated to the incident forming the basis of this action," because "[a]s a general matter, unless the prior lawsuits have been shown to be fraudulent, the probative value of evidence pertaining to a plaintiff's litigation history is substantially outweighed by the danger of jury bias").  Indeed, such evidence should only be admitted in limited circumstances—when the underlying facts

5

of those incidents were similar and thus relevant to the present case. *See Freeman v. Collins*, No. 2:08-cv-71, 2014 U.S. Dist. LEXIS 10872, *27-28 (S.D. Ohio Jan. 29, 2014).

Mr. Easley has filed other grievances and lawsuits against prison officials based on incidents unrelated to the July 3, 2008 incident at issue in this case. These grievances and lawsuits are entirely unrelated to the issues in this case. Accordingly, they are irrelevant and are inadmissible. *See* Fed. R. Evid. 401 and 402.

Moreover, the facts underlying those lawsuits and grievances are in no way similar to the facts and circumstances of this incident, as none involve an incident where Mr. Easley was attacked by a guard while shackled and restrained and walking to a hearing. Therefore, the grievances and lawsuits cannot support any permissible use under Rule 404 and can only be offered to make Mr. Easley seem unlikeable or litigious. This evidence is thus inadmissible under Rule 404.

Finally, this evidence should be excluded under Rule 403 because it is unfairly prejudicial. Whether Mr. Easley has previously utilized the procedures available to him to adjudicate perceived wrongs has no bearing on his claim for excessive force in this case. For all of these reasons, evidence of grievances and lawsuits previously filed by Mr. Easley and which are unrelated to the events on July 3, 2008 are irrelevant and inadmissible. All testimony and evidence pertaining to them should be excluded.

### B. Mr. Easley's Prison Disciplinary Record Should Be Excluded Because It Can Only Be Offered to Show Conformity Therewith Which is Expressly Prohibited by Rule 404.

For similar reasons, this Court should exclude all evidence pertaining to Mr. Easley's prison disciplinary record, including all conduct reports and other use of force incident reports. First, Mr. Easley's prison disciplinary record is entirely irrelevant to the issues to be tried. Mr. Easley's disciplinary record does not contain any conduct

6

reports which are similar to the facts as alleged by Defendants. None involve Mr. Easley allegedly attacking an officer while be escorted. Nor do any involve Mr. Easley slipping out of his cuffs while being escorted. Thus, whether Mr. Easley has previously engaged in dissimilar behavior which ultimately resulted in discipline or use of force is irrelevant to the issues in this case and should be excluded under Federal Rules of Evidence 401 and 402.

Second, Mr. Easley's disciplinary record, including altercations with prison officials, is not admissible to prove that he has a propensity or character for violence, or that he had a tendency to react to authority in a particular way. *See Lovett*, 2014 U.S. LEXIS 157756, at * 14. This is exactly the type of evidence which Rule 404 was meant to exclude. As noted above, Mr. Easley has not previously been involved in a similar situation in which he had instigated the use of force while being escorted. Thus, his disciplinary record cannot be used to show such motive, intent, or knowledge. Defendants would only seek to offer this evidence to show that Mr. Easley was a "bad guy" and must have, therefore, instigated the event on July 3, 2008. Admission of this evidence would create an impermissible inference that Mr. Easley had these very characteristics and is thus inadmissible under Federal Rules of Evidence 404.

Although some courts have recognized that prior disciplinary records can be relevant to the issues in a § 1983 Eighth Amendment claim, even those courts have acknowledged strict limitations as to which records are admissible. For example, as this Court recognized in *Lovett v. Cole*, only records which: "(1) involved altercations with prison officials prior to the relevant incident at issue; (2) involved 'altercations in which Plaintiff instigated the use of force,' and (3) the defendant(s) had personal knowledge of

7

the prior altercation involving the plaintiff's instigation of the use of force." *See id.* at *13.

Although Mr. Easley had previously been involved in altercations with other prison officials prior to July 3, 2008, none of Mr. Easley's prior disciplinary reports or use of force incident reports contain circumstances which are factually similar to the circumstances at issue in this case. In this case, Defendant Haywood insists that his use of force was reasonable because he believed Mr. Easley would come out of cuffs and attack him. None of the conduct reports reflect that Mr. Easley came out of his cuffs while being escorted by an officer. Nor do they allege that Mr. Easley ever attacked the officer escorting him within the prison facility. Thus, none of Mr. Easley's prior conduct reports could support Defendant Haywood's theory of reasonableness, and they certainly do not show that Mr. Easley instigated the use of force while being escorted. Similarly, neither Defendant Haywood nor Defendant Brannigan had previously been required to use force while escorting Mr. Easley.

Finally, introduction of Mr. Easley's disciplinary records or any evidence regarding his conduct is prohibited by Federal Rule of Evidence 403 because this evidence would be unfairly prejudicial and would likely confuse the issues actually on trial, mislead the jury, and waste the jury's time. *See* Fed. R. Evid. 403. The only incident on trial in this lawsuit is the event which occurred on July 3, 2008. If Defendants are permitted to introduce Mr. Easley's prison disciplinary record, the jury would likely be confused as to which issues were actually on trial, and trials on collateral issues would be unavoidable. *See Freeman v. Wilkerson*, No. 2:05-cv-1085, 2010 U.S. Dist. LEXIS 112308, at * (S.D. Ohio Oct. 8, 2010) (excluding the actual conduct reports and evidence of plaintiff's prior confrontations with prison officials, even when the

8

testimony itself was relevant and admissible). Therefore, Mr. Easley's prison disciplinary records and all related testimony and evidence should be excluded.

### C. Defendants Haywood and Brannigan Should Be Prohibited from Introducing Evidence Pertaining to Prior Performance Evaluations.

Similarly, Defendants should be prohibited from introducing prior performance evaluations received while employed at SOCF. This evidence is irrelevant to the issues to be tried in this case, and these evaluations cannot be offered to show that Defendants acted in conformity with these evaluations on July 3, 2008. *See* Fed. R. Evid. 404(b). Defendants' reputation or work performance is not relevant to the issues in this case. Only Defendants' behavior on July 3, 2008 is at issue, and Defendants' performance evaluations are not probative to this issue. Accordingly, testimony pertaining to, and the evaluations themselves, should be excluded.

### D. Defendants Haywood and Brannigan Should be Prohibited from Testifying that Mr. Easley had Previously Come out of his Cuffs Because There is Not Sufficient Evidence that this "Prior Act" Actually Occurred and this Testimony is Inadmissible Hearsay.

As noted above, evidence of "other acts" can be admitted under Rule 404(b), only if there is "sufficient evidence that the other act in question actually occurred." *United States v. Clay*, 667 F.3d 689, 693 (6th Cir. 2012). *See also Huddleston v. United States*, 485 U.S. 681, 685 (1988) (holding that "similar act" evidence "should be admitted [only] if there is sufficient evidence to support a finding by the jury that the defendant committed the similar act"). "In the Rule 404(b) context, similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." *Huddleston*, 485 U.S. at 689.

9

Here, there is not sufficient evidence that Mr. Easley has ever escaped out of his cuffs on a prior occasion. In fact, the only evidence that this prior act ever occurred is a conclusory statement made by Defendant Haywood in his declaration offered in support of Defendants' Motion for Summary Judgment. (Doc. 176-1 at 2) ("Knowing Inmate Easley has come out of his cuffs before . . . "). But there is no other evidence of this alleged prior act in the record. Despite the fact that Defendants have produced Mr. Easley's prison disciplinary conduct reports, including use of force reports, none of these reports reflect that Mr. Easley was accused of slipping out of his cuffs.

Moreover, during Defendants' depositions, both testified that they had never witnessed Mr. Easley slip out of his cuffs. (*See* Doc. 183, notes from deposition, at 24, 38). Thus, neither has personal knowledge of this alleged prior act. In fact, Defendant Haywood testified only that he had heard others talking about it, but could not recall who told him about these prior acts. This testimony is textbook hearsay, as Defendant Haywood is merely repeating statements, made out of court, by others. *See* Fed. R. Evid. 801. Such testimony is unquestionably inadmissible. *See* Fed. R. Evid. 802.

Thus, Defendants cannot offer sufficient evidence that Mr. Easley ever slipped his cuffs, and this prior act is not admissible under Rule 404(b). *See Dawson v. Burnett*, No. 1:08-cv-363, 2010 U.S. Dist. LEXIS 55365, at *5 (W.D. Mich. June 3, 2010) (concluding that evidence of plaintiff's institutional misconduct was not admissible under Rule 404(b) because defendants did not offer sufficient evidence to show that the act ever occurred). Additionally, Defendants cannot testify that Mr. Easley previously slipped out of his cuffs because such testimony is inadmissible hearsay.

### III. Conclusion

For these reasons, Plaintiff David Easley respectfully requests that this Court exclude evidence and testimony pertaining to (1) lawsuits and grievances previously filed by Mr. Easley, which are unrelated to the July 3, 2008 incident, (2) Mr. Easley's prison disciplinary record and use of force incident reports, including any and all altercations with prison officials, not related to the July 3, 2008 incident, and (3) evidence pertaining to Defendants Haywood and Brannigan performance evaluations. Mr. Easley also requests that this Court prohibit Defendants from testifying that Mr. Easley had "slipped his cuffs" because there is not sufficient evidence that this "prior act" occurred and such testimony is inadmissible hearsay.

Respectfully submitted,

*/s/ Christen M. Steimle*
Sarah B. Cameron, Esq. (0091319)
Christen M. Steimle, Esq. (0086592)
Dinsmore & Shohl LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Phone:  (513) 977-8200
Fax:     (513) 977-8141
Email: sarah.cameron@dinsmore.com
Email: christen.steimle@dinsmore.com
***Attorneys for Plaintiff David Easley***

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2015, a copy of the foregoing was filed electronically via CM/ECF. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Christen M. Steimle*
Christen M. Steimle