# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| DAVID EASLEY, | : Case No. 1:08-cv-601 |
| Plaintiff, | : Judge Timothy S. Black |
| v. | : **PLAINTIFF DAVID EASLEY'S** |
| | : **MOTIONS IN LIMINE TO EXCLUDE** |
| GARY HAYWOOD, *et al.* | : **EVIDENCE PURSUANT TO FEDERAL** |
| | : **RULES OF EVIDENCE 408 AND 609** |
| Defendants. | : |

Pursuant to Federal Rules of Evidence 408 and 609, Plaintiff David Easley moves this Court to exclude from admission at trial (1) all evidence of, and argument and questioning about statements or conduct made during settlement negotiations between the parties and (2) evidence of, argument and questioning about Mr. Easley's prior convictions other than the fact of the conviction and resulting imprisonment. This motion is supported by the attached memorandum.

Respectfully submitted,

*/s/ Christen M. Steimle*
Christen M. Steimle, Esq. (0086592)
Sarah B. Cameron, Esq. (0091319)
Dinsmore & Shohl LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Phone:  (513) 977-8200
Fax:     (513) 977-8141
Email: sarah.cameron@dinsmore.com
Email: christen.steimle@dinsmore.com
***Attorneys for Plaintiff David Easley***

9555069v2

**MEMORANDUM IN SUPPORT**

**I.   INTRODUCTION**

This case involves Plaintiff David Easley's claims against Defendants Haywood and Brannigan for the excessive force they used against him on July 3, 2008 at the Southern Ohio Correctional Facility in Lucasville, Ohio ("SOCF").  Mr. Easley is currently serving an indefinite ten to twenty-five year sentence, in addition to six years for a gun specification, at SOCF for convictions of Aggravated Robbery, Felonious Assault, Carrying a Concealed Weapon and Receiving Stolen Property.  These convictions occurred in 1995.  Since the beginning of this case in 2008, Mr. Easley and defense counsel have exchanged various communications and documents in settlement negotiations.  Pursuant to Federal Rules of Evidence 408 and 609, Mr. Easley requests that the Court exclude evidence pertaining to these settlement negotiations and his convictions, except for the fact that he was convicted and subsequently imprisoned.

**II.   LAW AND ARGUMENT**

    **A.   Evidence of Settlement Negotiations Between Parties Should be Excluded Under Federal Rule of Evidence 408(a).**

Any statements made or documents exchanged between the parties during settlement negotiations on Mr. Easley's claims should be excluded from trial under Federal Rule of Evidence 408(a).  Federal Rule of Evidence 408(a) provides that:

> "Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction: ... (2) conduct or a statement made during compromise negotiations about the claim--except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority."

This rule "is grounded on the policy of encouraging the settlement of disputed claims without litigation." *In re General Motors Corp. Engine Interchange Litigation*, 594 F.2d 1106 (7th Cir. Ill. 1979).

Here, Defendants have relied on certain communications exchanged during settlement negotiations in support of their Motion for Summary Judgment. (*See* Doc. 176-3). This evidence should be excluded from trial. Should the conduct and communications between the parties during negotiations on the underlying claims be admissible here, the policy encouraging settlement would be undermined. For this reason Mr. Easley requests that the Court exclude from trial all statements made or documents exchanged during settlement negotiations between the parties.

> **B. Under Federal Rule of Evidence 609(A)(1), Evidence Of Easley's Convictions Should Be Limited To The Fact That He Was Convicted and Subsequently Imprisoned, Without Any Further Detail of the Circumstances of the Convictions.**

Here, as noted above, Mr. Easley was convicted of four felonies in 1995 and has since been incarcerated. To the extent evidence pertaining to Mr. Easley's convictions is admitted, it should be limited to eliciting "the crime charged, the date, and disposition." *See Gora v. Costa*, 971 F.2d 1325, 1330 (7th Cir. 1992). In fact, the Seventh Circuit has held that "it is error to elicit any further information for impeachment purposes." *Id*.

This Court has reached the same conclusion in *Freeman v. Collins*, No. 2:08-cv-71, 2014 U.S. Dist. LEXIS 10872, *38 (S.D. Ohio Jan. 29, 2014). Like here, *Freeman* was an excessive force case brought under 42 U.S.C. § 1983. *Id*. In that case, the Court permitted the defendants to cross examine the plaintiff about the convictions for which he was currently imprisoned, but it expressly limited the questioning "to the fact that Plaintiff has been convicted of these various crimes and the resulting imprisonment,

3

without any further detail." *Id.* (*citing Foster v. McFaul*, No 1:04-cv-1032, 2009 U.S. Dist. LEXIS 4725, 2009 WL 185941, at *2 (N.D. Ohio Jan. 23, 2009)) ("To further limit any potential undue prejudice, Defendants may only elicit the fact of the conviction, the date of the conviction, and that [the witness] was serving time in connection with that conviction at the time events relevant to this lawsuit transpired."). *See also Dawson v. Burnett*, No. 1:08-cv-363, 2010 U.S. Dist. LEXIS 55365, 2010 WL 2232266, at *3 (W.D. Mich. June 3, 2010) ("Defendants are limited to eliciting the charge, the date, and the disposition."). The same should be true here.

Accordingly, Mr. Easley requests that the Court prohibit Defendants from questioning him or offering any evidence pertaining to his conviction except that he was convicted of these crimes and subsequently imprisoned, without any further questions on the details of these convictions.

### III. CONCLUSION

For the above stated reasons, Mr. Easley respectfully requests that this Court exclude from admission at trial (1) all evidence of, and argument and questioning about statements or conduct made during settlement negotiations between the parties and (2) evidence of, argument and questioning about Mr. Easley's prior convictions other than the fact of the conviction and resulting imprisonment.

Respectfully submitted,

***/s/ Christen M. Steimle***
Christen M. Steimle, Esq. (0086592)
Sarah B. Cameron, Esq. (0091319)
Dinsmore & Shohl LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Phone: (513) 977-8200
Fax: (513) 977-8141
Email: sarah.cameron@dinsmore.com
Email: christen.steimle@dinsmore.com
***Attorneys for Plaintiff David Easley***

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2015, a copy of the foregoing was filed electronically via CM/ECF. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

***/s/ Christen M. Steimle***
Christen M. Steimle