# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **DAVID EASLEY**, | |
| *Plaintiff,* | **Case Number: 1:08cv601** |
| v. | **JUDGE TIMOTHY S. BLACK** |
| **GARY HAYWOOD, et al.,** | |
| *Defendants.* | |

## MOTION IN LIMINE TO PROHIBIT PLAINTIFF FROM OFFERING NON-EXPERT MEDICAL OPINIONS AND FROM ARGUING INADEQUATE MEDICAL CARE CLAIMS WHICH WERE PREVIOUSLY DISMISSED BY THIS COURT

Plaintiff asserts his injuries are more extensive than those reflected in the medical record, to wit: extensive bleeding, knots on head, dislocated shoulder, bilateral lacerations to his ankles. (Complaint, Doc #: 10, PAGEID #: 78).  In addition, Plaintiff claims that the medical treatment he received was inadequate. (*Id.*, PAGEID #: 78 - 79).

Plaintiff has offered no qualifications he possesses which would allow him to offer testimony to the jury regarding either his claimed injuries, or the adequacy of the medical treatment provided.  Fed. Evid. R. 701(c) specifically precludes a lay witness from:

> testifying as to opinions or inferences which are not based on scientific, technical, or other specialized knowledge within the scope of rule 702.

(*Id.*).

Courts routinely hold that lay witness may not testify about matters requiring "specialized knowledge" not possessed by the lay witness pursuant to Fed. R. Evid. 701.  *Trout, et al., v. Hershey Medical Center, et al.,* 2008 U.S. Dist. LEXIS 65202 (M.D. Pa., August 26, 2008).

Although Defendants understand that Plaintiff may offer testimony as to his impression of subjective physical pain as well as any medical treatment he received, he should not be permitted to testify as to medical diagnoses, as they are not based on scientific,

technical or specialized knowledge within the scope of Fed. Evid. R. 702. *Freeman v. Collins,* 2:08cv21, 2014 U.S. Dist. LEXIS 10872, at *11 (S.D. Ohio Jan. 29, 2014).

In addition, this Court, found as of March 2, 2011, "no basis for Plaintiff's claims for deliberate indifference to serious medical needs, as Plaintiff's medical records show[ed] he received medical care on the same date as the altercation, [referencing document 70]. The Magistrate Judge found such evidence unrebutted, and noted that Plaintiff offered no evidence demonstrating deliberate indifference as to medical needs." (Opinion and Order, Doc #: 81, PAGEID #: 326). Plaintiff's claims of inadequate medical care and/or failure to address undiagnosed conditions have been addressed and disposed of by this Honorable Court. Accordingly, Defendants move this Court to prohibit Plaintiff from attempting to re-litigate these claims and/or to taint the jury.[1]

In light of the above, Defendants respectfully request that this Honorable Court preclude the Plaintiff, or any of his lay witnesses, from offering any medical testimonial evidence as prohibited under Fed. Evid. R. 702 as well as argue claims previously dismissed by this Court.

---

[1] The law of the case doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Scott v. Churchill,* 377 F.3d 565, 569–70 (6th Cir.2004) (quoting *Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983)).

Respectfully submitted,

**MICHAEL DEWINE**
Ohio Attorney General

*/s/ Debra Gorrell Wehrle*
DEBRA GORRELL WEHRLE (0062747)
JUDITH B. GOLDSTEIN (0069655)
Assistant Attorneys General
Criminal Justice Section
150 East Gay St., 16th Floor
Columbus, Ohio  43215
Phone: (614)644-7233; Fax: (866)429-9043
debra.wehrle@ohioattorneygeneral.gov
judith.goldstein@ohioattorneygeneral.gov

*Counsel for Defendants*


## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was electronically filed on April 8, 2015. Notice of this filing will be sent to all parties by the operation of the Court's electronic filing system. Parties my access this filing through the Court's system.

*/s/ Debra Gorrell Wehrle*
DEBRA GORRELL WEHRLE (0062747)
Assistant Attorney General

3