UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID EASLEY, | : | Case No. 1:08-cv-601 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| GARY HAYWOOD, *et al.,* | : | |
| Defendants. | : | |

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTIONS IN LIMINE (Docs. 226, 228)**

This civil action is before the Court on Plaintiff's motions *in limine* (Docs. 226, 228), and the parties' responsive memoranda (Docs. 240, 241, 249, 251).[1] Plaintiff moves the Court to exclude evidence, argument, and questioning about: (1) lawsuits and grievances previously filed by Plaintiff; (2) Plaintiff's prison disciplinary record and use of force incident reports that are not related to the July 3, 2008 incident; (3) Defendants' prior performance evaluations; (4) Defendants' testimony that, on a prior occasion, Plaintiff "slipped his cuffs"; (5) statements or conduct made during settlement negotiations between the parties; and (6) Plaintiff's prior convictions, other than the fact of the conviction and the resulting imprisonment.

**I.   STANDARD OF REVIEW**

"A ruling on a motion *in limine* is no more than a preliminary, or advisory,

---

[1] In this civil rights case, Plaintiff alleges that correctional officers at the Southern Ohio Correctional Facility ("SOCF") used excessive force against him on July 3, 2008, in violation of his Eighth Amendment right to be free from cruel and unusual punishment.

opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). Courts may properly deny or defer ruling on motions *in limine* where issues such as foundation, relevance, and potential prejudice require the context of the trial for resolution. *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp.2d 844 846 (N.D. Ohio 2004). Moreover, because *in limine* rulings are advisory in nature, a court may alter its ruling during the course of the trial. *Luce v. United States*, 469 U.S. 38, 41-42 (1984).

## II. ANALYSIS

### A. Federal Rule of Evidence 404(b)

Plaintiff moves the Court to exclude certain evidence because its admission is prohibited by Rule 404(b). (Doc. 226).

Only evidence that is relevant is admissible at trial. Fed. R. Evid. 402. Evidence is relevant only if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice does not mean the damage to a [party's] case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest [a] decision on an improper basis." *United States v. Newsom*, 452 F.3d 593, 603 (6th Cir. 2006). A district court has broad discretion in making a Rule 403 determination. *U.S. v. Bonds*, 12 F.3d 540, 567 (1993).

2

Evidence of other crimes or bad acts is not admissible "to prove the character of a person in order to show action in conformity therewith," although such evidence may be admissible for other purposes, including motive, intent, and knowledge. Fed. R. Evid. 404(b). Therefore, such evidence must be probative of a material issue other than character. *United States v. Hardy*, 228 F.3d 745, 750 (6th Cir. 2000).

The Sixth Circuit follows a three-step process when evaluating admissibility of prior acts evidence under Rule 404(b): (1) "the district Court must decide whether there is sufficient evidence that the other act in question actually occurred"; (2) "if so, the district court must decide whether the evidence of the other act is probative of a material issue other than character"; and (3) "if the evidence is probative of a material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect." *United States v. Clay,* 667F.3d 689, 693 (6th Cir. 2012) (citation omitted).

### 1. Plaintiffs' Prior Lawsuits and Grievances

Plaintiff moves the Court to exclude all evidence of and argument and questioning about lawsuits and grievances previously filed by Plaintiff which are unrelated to the July 3, 2008 incident. (Doc. 226). Plaintiff argues that, because these lawsuits and grievances are unrelated to the incident at issue, they are irrelevant.

Rule 404(b) prevents Defendants from using lawsuits or grievances that occurred under different circumstances and were brought against different individuals to show bias or motive for filing the instant lawsuit. *Henderson v. Peterson*, No. 07-2838, 2011 U.S. Dist. LEXIS 76799, at *16-17 (N.D. Cal. July 15, 2011) (granting the inmate plaintiff's

3

motion in an excessive force case to "preclude Defendants from presenting evidence concerning other complaints and lawsuits initiated by him that are unrelated to the incident forming the basis of this action," because "[a]s a general matter, unless the prior lawsuits have been shown to be fraudulent, the probative value of evidence pertaining to a plaintiff's litigation history is substantially outweighed by the danger of jury bias").[2] Such evidence should be admitted only in limited circumstances—when underlying facts between the incidents are similar, and therefore relevant to the instant case. *See, e.g.*, *Freeman v. Collins,* No. 2:08cv71, 2014 U.S. Dist. LEXIS 10872, at *27–28 (S.D. Ohio Jan. 29, 2014) (allowing the introduction of previous incidents where the plaintiff admitted that every time a cell extraction team had to be called to remove him from his cell, he later filed an excessive force lawsuit).

Defendants note that they do not anticipate seeking admission of evidence of unrelated lawsuits or grievance documents. However, they anticipate presenting evidence of their knowledge of Plaintiff's attempts to taunt correctional staff into use of force situations and then subsequently filing grievances and complaints regarding the same, pursuant to Rule 404(b). (Doc 241 at 3–4).[3] In support of the admission of such evidence, Defendants cite to various Sixth Circuit cases in which evidence was admitted to show a common scheme or plan and to show intent of lack of mistake. (*Id.* at 3). These cases did not involve claims of excessive force.

---

[2] *See also Outley v. New York*, 837 F.2d 587, 592 (2d Cir. 1988) ("The charge of litigiousness is a serious one, likely to result in undue prejudice against the party charged.")

[3] To the extent Defendants seek to offer testimony about Plaintiff's taunting, Defendants must identify those alleged incidents to that the Court can determine whether they satisfy the three-part inquiry outlined *Clay.*

The Court is inclined to follow the approach of *Henderson* and *Freeman*, and finds that grievances and lawsuits filed by Plaintiff which do not have sufficient factual similarity to the incident at issue—*i.e.,* that Plaintiff became violent while being escorted, and then filed a grievance/lawsuit—are inadmissible because of a substantial risk of prejudice and jury bias.

### 2. Plaintiff's Prison Disciplinary Record and Use of Force Reports

Plaintiff moves the Court to exclude all evidence pertaining to Plaintiff's prison disciplinary record, including all conduct reports and all use of force incident reports not related to the July 3, 2008 incident. (Doc. 226). Plaintiff argues that his disciplinary record is irrelevant to the issues to be tried and does not contain any reports which contain facts similar to those alleged by Defendants in the instant action. Plaintiff also argues that such evidence is inadmissible under Rules 404(b) and 403.

As an initial matter, evidence of Plaintiff's prior and subsequent altercations with other prison officials is not admissible to show that he has a propensity or character for violence, that he had a tendency to react to authority in a particular way, nor that he was motivated to assault any of the Defendants on July 3, 2008. Fed. R. Evid. 404(b). Accordingly, Defendants are prohibited from using Plaintiff's disciplinary record to show the same.

Defendants rely on the Court's ruling on an earlier motion *in limine*, in which the Court denied Plaintiff's request for the exclusion of his prison conduct reports and disciplinary reports. (Doc. 220). However, the Court's ruling on Plaintiff's earlier motion in limine is not dispositive. The Court denied Plaintiff's motion, filed *pro se*,

5

without prejudice. (Doc. 220 at 4). Therefore, Plaintiff's instant motion is neither prohibited nor conclusively decided. Defendants ask that the Court defer ruling until trial, should the Court be inclined to revisit the issue. (Doc. 241). At this juncture, the Court seeks to provide further guidance on the admissibility of such evidence to guide the parties' preparation for trial.

Defendants suggest that Plaintiff's prior disciplinary records are relevant to Defendants' subjective state of mind. "An Eighth Amendment claim requires a prison to satisfy both an objective component, which requires the pain that is inflicted to be 'sufficiently serious,' and a subjective component, which focuses on the state of mind of the prison official." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011).[4] In *Freeman*, the court found that the plaintiff's prison disciplinary records were admissible only if the records: (1) involved altercations with prison officials prior to the relevant incident at issue; (2) involved "altercations in which Plaintiff instigated the use of force"; and (3) the defendant(s) had personal knowledge of the prior altercation involving the plaintiff's instigation of the use of force. *Freeman*, 2014 U.S. Dist. LEXIS 10872 at *32-36. Defendants do not identify any prior incidents which satisfy these factors.

Defendants also seek to introduce Plaintiff's disciplinary conduct as proof of motive, intent, or plan. *See Boyd v. City and Cnty. Of San Francisco*, 576 F.3d 938, 944 (9th Cir. 2009) (allowing introduction of evidence of previous altercations for the purpose of supporting the officer's perception that the plaintiff was trying to commit

---

[4] Plaintiff concedes that Defendants can testify as to their perceptions immediately before force was used. (Doc. 249 at 6).

6

"suicide by cop").[5] Even if the disciplinary record is admissible for the purposes of Rule 404(b), Rule 403 counsels against its admission. The introduction of Plaintiff's disciplinary record would be unfairly prejudicial because of the high risk that the jury would conclude Plaintiff is generally a bad, violent individual and, as a result, disregard his testimony regarding the July 3, 2008 incident. In short, the risk that the jury would decide the case based on their dislike of Plaintiff substantially outweighs the probative value of such evidence in showing Plaintiff's motive, intent, or plan.

For the foregoing reasons, absent evidence of Defendants' personal knowledge of a specific, prior incident involving Plaintiff's instigation of use of force, evidence of his prior disciplinary record is inadmissible. *Id.* at 33.

B. **Defendants' Performance Evaluations**

Plaintiff moves the Court to prohibit Defendants from introducing the performance evaluations they received while employed at SOCF. (Doc. 226). "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a). Therefore,

---

[5] In the Court's ruling on Plaintiff's previous motion *in limine*, the Court noted that "Defendants anticipate that they will use the evidence at issue to demonstrate Plaintiff's intention, motive, and plan in: (1) routinely inciting the need for use of force or an extraction team to stabilize and secure a situation in the prison; (2) proceeding through the available grievance process; and (3) petitioning courts for relief. Thus, Defendants have presented a context in which Plaintiff's disciplinary record is relevant to Plaintiff's claim and invoked a rule that allows for the admission of such evidence." (Doc. 220 at 3). However, the Court noted that Plaintiff could overcome Defendants' argument by showing that the probative value of this evidence is substantially outweighed by the danger of unfair prejudice. (*Id.*) In the context of that motion, the Court found that Plaintiff's conclusory argument did not make such a showing. (*Id.*)

the performance evaluations cannot be offered to show that, on July 3, 2008, Defendants Haywood and Brannigan acted in accordance with their evaluations.[6]

### C. Testimony that Plaintiff Previously "Slipped His Cuffs"

In a declaration offered in support of Defendants' motion for summary judgment, Defendant Haywood indicated that he knew Plaintiff had come out of his cuffs on a prior occasion. (Doc. 176-1 at 2) ("Knowing Inmate Easley has come out of his cuffs before . . ."). Plaintiff moves the Court to prohibit Defendants Haywood and Brannigan from testifying that he came out of his cuffs on a prior occasion because there is not sufficient evidence that this incident occurred and any such testimony would be hearsay. (Doc. 226).

As set forth above, "[a]n Eighth Amendment claim requires a prison to satisfy both an objective component, which requires the pain that is inflicted to be 'sufficiently serious,' and a subjective component, which focuses on the state of mind of the prison official." *Williams*, 631 F.3d at 383. The most pertinent inquiry under the subjective prong is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). In making this determination, the finder of fact must consider, among other factors, the extent of the threat to the safety of the staff and prisoners, as reasonably perceived by the responsible officials on the basis of the facts known to them. *Id.*

---

[6] Defendants note that their personnel and disciplinary records are protected by the parties' stipulated protective order. ("Protective Order") (Doc. 223). The Protective Order requires the parties to "work to enter into a written agreement as to the use of documents or information to which the Stipulated Protective Order applies." (Doc. 223 at 6). Therefore, the introduction of protected evidence at trial is prohibited, absent (1) agreement by the parties; or (2) Court order.

8

To allow the introduction of evidence of a prior bad act, the Court must determine: (1) "whether there is sufficient evidence that the other act in question actually occurred"; (2) "if so, . . . whether the evidence of the other act is probative of a material issue other than character"; and (3) "if the evidence is probative of a material issue other than character, . . . whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect." *Clay*, 667 F.3d at 693.[7]

Defendants have not pointed to a conduct or incident report that indicates that Plaintiff slipped his cuffs on a prior occasion. Instead, Defendants seem to seek to rely on their own testimony, only. This undermines a finding that sufficient evidence that the act in question actually occurred.

Even if Defendants could convince the Court that Plaintiff indeed slipped his cuffs on a prior occasion, for evidence of a prior bad act to be admissible as relevant to Defendants' subjective state of mind, Defendants must have had personal knowledge of the incident. *Freeman*, 2014 U.S. Dist. LEXIS 10872 at 32-36. Finally, if relaying the out-of-court statement of another, Defendants must prove that the statement is not hearsay or satisfies one of the exceptions to the hearsay rule. Absent such showings, testimony that Plaintiff slipped his cuffs on a prior occasion will not be admissible.

### D.     Statements Made During Settlement Negotiations

Plaintiff moves the Court to exclude all evidence of and argument and questioning about statements or conduct made during settlement negotiations between the parties.

---

[7] Defendants ask the Court to allow them to testify fully as to their perception of the threat presented by Plaintiff. Of course, Defendants may offer testimony regarding their perceptions of how events unfolded on July 3, 2008, including whether Plaintiff made threatening statements. The Court defers ruling on specific testimony not addressed herein until trial.

(Doc. 228).  Specifically, Plaintiff objects to the introduction of a September 2, 2011 letter from Plaintiff to Defendants' counsel.  (Doc. 176-3).

> Federal Rule of Evidence 408(a) provides that:
>
> Evidence of the following is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction: . . . (2) conduct or a statement made during compromise negotiations about the claim—except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

The Sixth Circuit has described the purposes served by Rule 408 as follows:

> First, the rule promotes the "resolution of disputes short of litigation, thereby conserving scarce judicial resources. The rule recognizes that settlements are more likely to result when parties are free to speak openly during settlement negotiations, without fear that what is said can be used against them at trial." *Korn, Womack, Stern & Assocs. v. Fireman's Fund Ins. Co.,* 27 F.3d 566, 1994 WL 264263, at *6 (6th Cir. June 15, 1994). Second, the rule seeks to exclude irrelevant evidence, recognizing that "disputes are often settled for reasons having nothing to do with the merits of a claim." *Ibid.* Third, the rule attempts to exclude unreliable evidence, as settlement negotiations "are typically punctuated with numerous instances of puffing and posturing," and "[w]hat is stated as fact on the record could very well not be the sort of evidence which the parties would otherwise contend to be wholly true." *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.,* 332 F.3d 976, 981 (6th Cir. 2003) (quoting *Cook v. Yellow Freight System, Inc.,* 132 F.R.D. 548, 554 (E.D. Cal. 1990)).

*Eid v. Saint-Gobain Abrasives, Inc.*, 377 F. App'x 438, 444 (6th Cir. 2010). The burden of establishing the application of Rule 408 is on the party seeking its protection.  *United States v. Skeddle*, 176 F.R.D. 263, 264 (N.D. Ohio 1997).

Defendants argue that Plaintiff has not offered any evidence that at the time he mailed the letter that the parties had entered into or were in the midst of negotiations.[8] Defendants further argue that the tone of the letter is not one of settlement and, instead, it provides direct evidence of Plaintiff's motive. Accordingly, Defendants claim that the portions of the letter that show Plaintiff's motive for filing the lawsuit—to gain leverage for parole—are admissible pursuant to Rule 404(b). (*See* Doc. 240-1 (redacted version of the letter)).

In the letter at issue, Plaintiff makes multiple references to settlement. Additionally, the parties were preparing for a mediation conference which, although unsuccessful, occurred one month later. Because Rule 408 is meant to encourage the parties to speak freely, without fear that what is said can be used against them at trial, *Eid*, 377 F. App'x at 444, the letter at issue is inadmissible.[9]

### E. Plaintiff's Prior Convictions

Plaintiff moves the Court to exclude all evidence of and argument and questioning about Plaintiff's prior convictions, other than the facts that he was convicted and

---

[8] Defendants note that, at the time Plaintiff sent the letter at issue, he was represented by counsel (*see* Doc. 97), and argue that Plaintiff should not have been corresponding directly with Defendants' counsel because he was not entitled to hybrid representation. *United States v. Flowers*, 428 Fed. App'x 526, 530 (6th Cir. 2011). However, Rule 408 makes no distinction between statements made by a party or by counsel during settlement, and the Court declines to make one here.

[9] Defendants cite *Uforma/Shelby Business Forms, Inc. v. N.L.R.B.,* 111 F.3d 1284, 1293 (6th Cir. 1997) for the proposition that, "[a]lthough the literal language of Rule 408 broadly declares that "evidence of conduct or statements made in compromise negotiations is likewise not admissible," courts have held that "[r]ule 408 does not prevent the plaintiff from proving his case; wrongful acts are not shielded because they took place during compromise negotiations." However, in this case, Defendants seek to use compromise evidence to prove the validity or invalidity of the claim that was the subject of the compromise, not some other claim.

subsequently imprisoned, without any further detail of the circumstances of the convictions. (Doc. 228).

Federal Rule of Evidence 609 provides that criminal convictions are only admissible to attack a witness's character for truthfulness in limited circumstances—specifically, "subject to Rule 403." Fed. R. Evid. 609(a)(1)(A). Under Rule 403, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "Unfair prejudice does not mean the damage to a [party's] case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest [a] decision on an improper basis." *Newsom*, 452 F.3d at 603 (6th Cir. 2006). A district court has broad discretion in making a Rule 403 determination. *Bonds*, 12 F.3d at 567 (1993).

The Sixth Circuit has set out several factors for the Court to consider when deciding whether to admit evidence of a prior conviction: "(1) The impeachment value of the prior crime; (2) The point in time of the conviction and the witness' subsequent history; (3) The similarity between the past crime and the charged crime; (4) The importance of the defendant's testimony; and (5) The centrality of the credibility issue." *U.S. v. Moore*, 917 F.2d 215, 234 (6th Cir. 1990).

Plaintiff is currently serving an indefinite 10 to 25 year sentence, in addition 6 years for a gun specification, for convictions of aggravated robbery, felonious assault, carrying a concealed weapon, and receiving stolen property. These convictions occurred in 1995.

In *Freeman*, No. 2014 U.S. Dist. LEXIS 10872, an excessive force case brought under 42 U.S.C. § 1983, the Court permitted the defendants to cross-examine the plaintiff about the convictions for which he was currently imprisoned, but it expressly limited the questioning "to the fact that Plaintiff has been convicted of these various crimes and the resulting imprisonment, without any further detail." (citing *Foster v. McFaul*, No 1:04-cv-1032, 2009 U.S. Dist. LEXIS 4725, 2009 WL 185941, at *2 (N.D. Ohio Jan. 23, 2009) ("To further limit any potential undue prejudice, Defendants may only elicit the fact of the conviction, the date of the conviction, and that [the witness] was serving time in connection with that conviction at the time events relevant to this lawsuit transpired.")); s*ee also Dawson v. Burnett*, No. 1:08-cv-363, 2010 U.S. Dist. LEXIS 55365, 2010 WL 2232266, at *3 (W.D. Mich. June 3, 2010) ("Defendants are limited to eliciting the charge, the date, and the disposition.").[10] The same analysis applies here.

Accordingly, for the foregoing reasons, Defendants are prohibited from questioning Plaintiff or offering any evidence pertaining to his conviction except that he was convicted of the above-listed crimes and subsequently imprisoned, without any further questions on the details of these convictions.[11]

---

[10] The Seventh Circuit has held that it is error to elicit any further information beyond the crime charged, the date, and disposition for impeachment purposes. *See Gora v. Costa*, 971 F.2d 1325, 1330 (7th Cir. 1992).

[11] Defendants state: "As to the section of Plaintiff's Motion in Limine where he seeks to limit Defendants' questioning to: (a) his Receiving Stolen Property, two counts of Aggravated Robbery, Felonious Assault, Carrying a Concealed Weapon and Gun Specification conviction; (b) committed on or about 1995, and that (c) he received a ten to twenty-five year sentence with six years mandatory time for the gun specification, Defendants have no opposition." Plaintiff did not offer any further argument on this issue in his Reply. (Doc. 249). As set forth in the above-cited case law, Defendants may elicit the fact that Plaintiff has been convicted of certain crimes and that he was imprisoned as a result. However, Defendants have not cited any authority for the proposition that the length of the sentence is admissible.

### III. CONCLUSION

Accordingly, based on the foregoing, Plaintiff's motions *in limine* (Docs. 226, 228) are **GRANTED IN PART AND DENIED IN PART**, as set forth in this Order.

**IT IS SO ORDERED**.

Date:  4/28/15                                                     *s/ Timothy S. Black*
                                                                              Timothy S. Black
                                                                              United States District Judge