UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID EASLEY, : Case No. 1:08-cv-601
:
    Plaintiff, : Judge Timothy S. Black
:
vs. :
:
GARY HAYWOOD, *et al.,* :
:
    Defendants. :

### ORDER GRANTING IN PART AND DENYING IN PART
### DEFENDANTS' MOTIONS IN LIMINE (Docs. 229, 230, 231)

This civil action is before the Court on Defendants' motions *in limine* (Docs. 229, 230, 231) and the parties' responsive memoranda (Docs. 237, 238, 239, 246, 247, 248).[1] Defendants move the Court to prohibit: (1) Plaintiff from offering non-expert medical opinions and from arguing inadequate medical care claims; (2) the introduction of protected evidence; and (3) the introduction of portions of the use of force reports.

### I.    STANDARD OF REVIEW

"A ruling on a motion *in limine* is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). Courts may properly deny or defer ruling on motions *in limine* where issues such as foundation, relevance, and potential prejudice require the context of the trial for resolution. *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp.2d 844 846 (N.D. Ohio 2004). Moreover, because *in limine* rulings are advisory in

---

[1] In this civil rights case, Plaintiff alleges that correctional officers at the Southern Ohio Correctional Facility ("SOCF") used excessive force against him on July 3, 2008, in violation of his Eighth Amendment right to be free from cruel and unusual punishment.

nature, a court may alter its ruling during the course of the trial.  *Luce v. United States*, 469 U.S. 38, 41–42 (1984).

## II. ANALYSIS

### A. Medical Opinions and Care

In his complaint, Plaintiff asserts that his injuries are more extensive than those reflected in his medical records—to wit, extensive bleeding, knots on the head, a dislocated shoulder, and bilateral lacerations to his ankles.  (Doc. 10 at 6).  Plaintiff also claims that the medical treatment he received was inadequate.  (*Id.* at 6–7).  Defendants move the Court to prohibit Plaintiff from offering non-expert medical opinions and from arguing his inadequate medical care claims.  (Doc. 229).

While Federal Rule of Evidence 701(c) specifically precludes a lay witness from "testifying as to opinions or inferences which are not based on scientific, technical, or other specialized knowledge within the score of rule 702," it also provides that "testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

#### 1. Claimed Injuries

Defendants acknowledge that Plaintiff may offer testimony as to his impression of subjective physical pain as well as any medical treatment he received.  (Doc. 229 at 1).

2

However, they argue that Plaintiff should not be permitted to testify as to medical diagnoses, as his testimony would not be based on scientific, technical, or specialized knowledge within the scope of Rule 702.  Plaintiff argues that he is permitted to testify as to injuries that a lay person could identify and explains that his testimony will be limited to his personal perception of the pain and limitations he experienced during and after the July 3, 2008 incident, as compared to the pain and limitations he experienced prior to the incident.

This Court recently decided a similar motion *in limine* in *Lovett v. Cole*, No. 1:11-cv-277, 2014 U.S. Dist. LEXIS 157755 (S.D. Ohio Nov. 7, 2014).  Therein, the Court determined that the plaintiff was permitted to testify about the subjective physical and mental pain he experienced during and as a result of the alleged use of force incident, as well as any medical procedures and testing he underwent as a result of the incident.  *Id.*  The Court finds that those same parameters are appropriate here.  Pursuant to Rule 701(c), Plaintiff may testify as to injuries that a lay person could identify, but he may not testify as to medical diagnoses which require the application of specialized knowledge.

### 2. Adequacy of Medical Treatment Provided

On March 2, 2011, the Court adopted Magistrate Judge Timothy S. Hogan's Report and Recommendation on Defendants' motion for summary judgment, finding no basis for Plaintiff's claim for deliberate indifference to serious medical needs.  (Doc. 81 at 3).  Accordingly, Plaintiff's claims for inadequate medical care and/or failure to address undiagnosed conditions were dismissed.  (*Id.* at 11).  Defendants move the Court

to prohibit Plaintiff from attempting to relitigate these claims or to taint the jury. (Doc. 229).[2]

Plaintiff acknowledges that the Court dismissed his inadequate medical care claim and does not intend to argue that he is entitled to damages as a result of inadequate medical care. (Doc. 237 at 2). However, Plaintiff argues that he must be permitted to testify about the medical care he received following the July 3, 2008 incident because the treatment he received (or did not receive) is relevant to the accuracy of his medical records. Specifically, Plaintiff argues that the jury should be able to consider: (1) his opinion as to whether his medical records accurately reflect his injuries, because only he has the knowledge as to his symptoms; and (2) any requests he made for treatment, and whether he received such treatment.

The Court agrees that Plaintiff's opinion as to whether his medical records accurately reflect his injuries this testimony must be permitted so that the jury can determine the scope of Plaintiff's injuries (and the credibility to be afforded to the medical records).

Whether Plaintiff may introduce evidence of his requests for treatment, and the receptiveness of staff to those requests, is a closer question. Defendants argue that Plaintiff is attempting to confuse, mislead, or draw sympathy from the jury in claiming that non-parties allowed him to purportedly suffer in pain. The Court finds that the trial

---

[2] The law of the case doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Scott v. Churchill*, 377 F.3d 565, 569–70 (6th Cir. 2004) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983).

context is necessary to determine the extent to which this testimony is relevant and/or prejudicial, and therefore defers a determination on this issue until trial.

### B. Protected Evidence

Defendants move the Court to prohibit the introduction of protected evidence at trial. (Doc. 230). Specifically, and as a precaution, Defendants ask the Court to prohibit the disclosure of confidential information unless the parties have entered into an agreement authorizing the same, as contemplated by the parties' stipulated protective order ("Protective Order") (Doc. 223).

Plaintiff agrees that the Protective Order requires the parties to "work to enter into a written agreement as to the use of documents or information to which the Stipulated Protective Order applies." (Doc. 223 at 6). Plaintiff advises that he has identified certain documents that he intends to introduce at trial and that fall under the Protective Order. Plaintiff is attempting to enter into an agreement with Defendants regarding the use of those documents.

For the foregoing reasons, the introduction of protected evidence at trial is prohibited, absent (1) agreement by the parties; or (2) Court order. To the extent the parties are unable to reach an agreement as to protected evidence, the party seeking to introduce the evidence should petition the Court for assistance.

### C. Use of Force Reports

Pursuant to Ohio Administrative Code §§ 5120-9-01 and 5120-9-02, investigations into the July 3, 2008 incident were conducted and use of force reports dated August 1,

2008 and September 15, 2008 were issued. Defendants move the Court to prohibit the introduction of the cover pages of these use of force reports (Bates Nos. 000001 and 000053) at trial.[3] Specifically, Defendants argue that the cover pages are irrelevant and that any probative value is outweighed by risks of unfair prejudice and confusion.

Federal Rule of Evidence 401 defines relevant evidence as evidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.[4] Even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. "Unfair prejudice does not mean the damage to a [party's] case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest [a] decision on an improper basis." *United States v. Newsom*, 452 F.3d 593, 603 (6th Cir. 2006). A district court has broad discretion in making a Rule 403 determination. *U.S. v. Bonds*, 12 F.3d 540, 567 (1993).

The Sixth Circuit has previously concluded that use of force reports are relevant to an inmate plaintiff's excessive force claims. *Combs v. Wilkinson*, 315 F.3d 548, 555 (6th

---

[3] In their motion, Defendants appeared to seek the exclusion of the cover page of the September 15, 2008 report only. (Doc. 231). In their Reply, Defendants explain that they seek the exclusion of both cover pages. (Doc. 246). The Court notes that Defendants characterizes the pages at issue as "cover pages," whereas Plaintiff characterizes them as "first pages." The Court will refer to the pages at issue as "cover pages," though it has no opinion as to which characterization is more appropriate.

[4] *See also* Advisory Committee Notes to 1972 Proposed Rules ("The fact to be proved may be ultimate, intermediate, or evidentiary; it matters not, so long as it is of consequence in the determination of the action. . . . The fact to which the evidence is directed need not be in dispute. . . . Evidence which is essentially background in nature can scarcely be said to involve disputed matter, yet it is universally offered and admitted as an aid to understanding.").

6

Cir. 2002). At issue in this case is whether the force used by Defendants Haywood and Brannigan on July 3, 2008 was excessive under the Eighth Amendment. Thus, the fact that the SOCF investigated this use of force—and the SOCF's ultimate conclusions—are relevant to the jury's inquiry into whether the force used violated Plaintiff's constitutional rights. Accordingly, the cover pages are relevant to the claims at issue in this case.[5]

Defendants' primary argument is in support of the exclusion of the cover pages it that the cover page of the September 15, 2008 report poses a risk of unfair prejudice and confusion. In the September 15, 2008 report, investigators found that, as to Defendant Haywood, "although the force [he used] was justified in the situation, the force, as applied, was inappropriate." (Doc. 176-13 at 8). On the cover page, in response to the question "Was the force inappropriate and/or excessive ___ Yes or ___ No," the investigator marked "Yes," because of the construction of the question. Defendants argue that this sends a potential prejudicial impression to the jury that administrators found excessive force and that jurors may confuse the standard for an administrative finding with the standard for an Eighth Amendment violation. Defendants are also concerned that the words "Refer for Discipline," which are handwritten on the cover page, are vague and may confuse the jury, because there is no indication of which staff members are being referred for discipline or the reason for the discipline.

---

[5] Defendants argue that Plaintiff points to no evidence that suggests that the cover pages are part of the use of force investigations and/or committee reports. Defendants explain that testimony at trial will demonstrate at trial that the use of force committee does not complete, author, or include these cover pages in its reports and attachments. Plaintiff argues that exclusion of the cover pages could prejudice and confuse the jury because they would not be able to consider the reports in their entirety. Whether the cover pages are part of the use of force reports is a foundational issue best resolved at trial.

7

However, the cover page to the September 15, 2008 report is consistent with the factual findings contained within the narrative section of the report, in that the committee concluded that the force used was "inappropriate and/<u>or</u> excessive." (Doc. 176-13 at 1) (emphasis added). The addition of the word "excessive" does not transform the cover page into an unfairly prejudicial document. Nor do the cover pages suggest that the jury reach their conclusion on an improper basis—like an emotional one. Defendants will have the opportunity to introduce testimony to explain the conclusion and the reference to discipline contained on the cover page. Additionally, this Court will advise the jury as to the legal standard Plaintiff must satisfy to prove a violation of his Eighth Amendment rights.

For the reasons set forth above, the court declines to prohibit the introduction of the cover pages at this juncture.[6]

### III. CONCLUSION

Accordingly, based on the foregoing, Plaintiff's motions *in limine* (Docs. 229, 230, 231) are **GRANTED IN PART AND DENIED IN PART**, as set forth in this Order.

**IT IS SO ORDERED**.

Date: 4/28/15  *s/ Timothy S. Black*
Timothy S. Black
United States District Judge

---

[6] In the alternative, Defendants seek redaction of the excessive use of force and disciplinary referral language on the cover page to the September 15, 2008 report. Because the Court finds that this cover page is relevant, and that its probative value is not substantially outweighed by the danger of unfair prejudice or jury confusion, the Court declines to redact the cover page.