UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID EASLEY, | : | Case No. 1:08-cv-601 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| GARY HAYWOOD, *et al.*, | : | |
| Defendants. | : | |

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS IN LIMINE (Docs. 298, 299, 300)[1]

This civil action is before the Court on Plaintiff's motions *in limine* (Docs. 298, 299, 300), and the parties' responsive memoranda (Docs. 313, 314, 315, 317, 318, 319). Plaintiff moves the Court to exclude evidence, argument, and questioning about: (1) lawsuits and grievances previously filed by Plaintiff; (2) Plaintiff's prison disciplinary record and use of force incident reports that are not related to the July 3, 2008 incident; (3) Defendant's prior performance evaluations; (4) Defendant's testimony that, on a prior occasion, Plaintiff "slipped his cuffs"; (5) statements or conduct made during settlement negotiations between the parties; (6) Plaintiff's prior convictions, other than the fact of

---

[1] On May 4, 2015, this civil action proceeded to a jury trial. The jury was asked to determine whether Defendants Gary Haywood and Christopher Brannigan, correctional officers at the Southern Ohio Correctional Facility ("SOCF"), used excessive force against Plaintiff on July 3, 2008, in violation of his Eighth Amendment right to be free from cruel and unusual punishment. (*See* Doc. 265). On May 8, 2015, the jury returned a verdict in favor of Defendant Brannigan and hung as to the excessive force claim brought against Defendant Haywood. (Doc. 270). This civil action is set to proceed to a second jury trial (as to Defendant Haywood, only) on October 26, 2015.

the conviction and the resulting imprisonment; and (7) the prison riot that occurred at the Southern Ohio Correctional Facility in 1993.

As to items (1)–(6) above, Plaintiff renews the motions *in limine* he filed prior to the May 4, 2015 trial. (Docs. 226, 228). The Court ruled on those motions prior to the commencement of that trial. (*See* Doc. 255).

## I. STANDARD OF REVIEW

"A ruling on a motion *in limine* is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). Courts may properly deny or defer ruling on motions *in limine* where issues such as foundation, relevance, and potential prejudice require the context of the trial for resolution. *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp.2d 844 846 (N.D. Ohio 2004). Moreover, because *in limine* rulings are advisory in nature, a court may alter its ruling during the course of the trial. *Luce v. United States*, 469 U.S. 38, 41-42 (1984).

## II. ANALYSIS

### A. Plaintiffs' Prior Lawsuits and Grievances

Plaintiff renews the arguments he made on this issue prior to the May 4, 2015 trial. (*See* Doc. 299) (renewing the motion filed at Doc. 226). Defendant was heard on this issue in the first instance (*see* Doc. 241), and now offers no argument as to why the Court should alter its ruling (*see* Doc. 314). Accordingly, the Court adopts its previous ruling on evidence, argument, and questioning related to Plaintiff's prior lawsuits and

2

grievances, and requires counsel to review carefully that ruling prior to the October 26, 2015 trial. (*See* Doc. 255 at 3–5).

B.     **Plaintiff's Prison Disciplinary Record and Use of Force Reports**

Plaintiff renews the arguments he made on this issue prior to the May 4, 2015 trial. (*See* Doc. 299) (renewing the motion filed at Doc. 226). Defendant was heard on this issue in the first instance (*see* Doc. 241), and now offers no argument as to why the Court should alter its ruling (*see* Doc. 314). Accordingly, the Court adopts its previous ruling on evidence, argument, and questioning related to Plaintiff's prison disciplinary record, including use of force reports not related to the July 3, 2008 incident, and requires counsel to review carefully that ruling prior to the October 26, 2015 trial. (*See* Doc. 255 at 5–7).

C.     **Defendant's Performance Evaluations**

Plaintiff renews the arguments he made on this issue prior to the May 4, 2015 trial. (*See* Doc. 299) (renewing the motion filed at Doc. 226). Defendant was heard on this issue in the first instance (*see* Doc. 241), and now offers no argument as to why the Court should alter its ruling (*see* Doc. 314). Accordingly, the Court adopts its previous ruling on evidence, argument, and questioning related to Defendant's performance evaluations, and requires counsel to review carefully that ruling prior to the October 26, 2015 trial. (*See* Doc. 255 at 7–8).

D.     **Defendant's Testimony that Plaintiff Previously "Slipped His Cuffs"**

Plaintiff renews the arguments he made on this issue prior to the May 4, 2015 trial. (*See* Doc. 299) (renewing the motion filed at Doc. 226). Defendant understands the

Court's prior ruling to mean that, as long as Defendant had personal knowledge of Plaintiff coming out of his cuffs, that evidence would be admissible as relevant to Defendant's subjective state of mind. (Doc. 314 at 2). Defendant also argues that, because Plaintiff testified that he came out of one of his handcuffs and reattached it to the opposite hand after the July 3, 2008 use of force incident, his testimony can be used against him for impeachment purposes pursuant to Federal Rules of Evidence 607 and 801. The Court now clarifies its prior ruling on evidence, argument, and questioning related to Defendant's testimony that Plaintiff previously "slipped his cuffs." (*See* Doc. 255 at 8–9).

      1.     **Evidence of a Prior Bad Act**

As the Court explained in its prior Order:

> To allow the introduction of evidence of a prior bad act, the Court must determine: (1) "whether there is sufficient evidence that the other act in question actually occurred"; (2) "if so, . . . whether the evidence of the other act is probative of a material issue other than character"; and (3) "if the evidence is probative of a material issue other than character, . . . whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect." *Clay*, 667 F.3d at 693.

(Doc. 255 at 9) (footnote omitted). The Court expressed its doubt as to whether evidence that Plaintiff "slipped his cuffs" would be admissible under this test, explaining that, even if Defendant could provide sufficient evidence that the act in question actually occurred,[2] Defendant must show that he had personal knowledge of the act and that his testimony would not be prohibited by the rule against hearsay. (*Id.*)

---

[2] In its prior Order, the Court noted that there was no incident report corroborating Defendant's testimony as to this act. Assuming that Defendant is referring to the incident about which Plaintiff testified at the May 4, 2015 trial (*see infra*), then this concern is diminished.

4

At the May 4, 2015 trial, Plaintiff testified that, after the use-of-force incident at issue had concluded, and after a guard removed one of his handcuffs, he "doubled it up" on the other hand, knowing that a supervisor would have to be called. (*See* Doc. 274-1 at 17). He testified that he did this in order to get medical attention. (*Id.*)

In determining "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm," an inquiry into the official's subjective state of mind, the fact finder may consider the threat "reasonably perceived by the responsible officials," among other factors. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). <u>However, to the extent Defendant claims that evidence that Plaintiff "slipped his cuffs" is relevant to his subjective state of mind, Defendant must have known that Plaintiff "slipped his cuffs" prior to his use of force against Plaintiff on July 3, 2008</u>. Accordingly, even if Defendant can satisfy the three-part *Clay* test set forth above, he may not offer evidence that Plaintiff "slipped his cuffs" later that evening as a means to show his own subjective state of mind at the time the use of force occurred.

### 2. Impeachment

The Court agrees that Plaintiff's prior sworn testimony can be used for impeachment purposes, should that prior testimony be inconsistent with his testimony at the October 26, 2015 trial. *See* Fed. R. Evid. 607, 801.

### E. Statements Made During Settlement Negotiations

Plaintiff renews the arguments he made on this issue prior to the May 4, 2015 trial. (*See* Doc. 298) (renewing the motion filed at Doc. 228). Defendant was heard on this issue in the first instance (*see* Doc. 240), and now offers no argument as to why the Court

should alter its ruling (*see* Doc. 313). Accordingly, the Court adopts its previous ruling on evidence, argument, and questioning related to statements made during settlement negotiations, and requires counsel to review carefully that ruling prior to the October 26, 2015 trial. (*See* Doc. 255 at 9–11).

**F.     Plaintiff's Prior Convictions**

Plaintiff renews the arguments he made on this issue prior to the May 4, 2015 trial. (*See* Doc. 298) (renewing the motion filed at Doc. 228). Defendant was heard on this issue in the first instance (*see* Doc. 240), and now offers no argument as to why the Court should alter its ruling (*see* Doc. 313). Accordingly, the Court adopts its previous ruling on evidence, argument, and questioning related to Plaintiff's prior convictions, and requires counsel to review carefully that ruling prior to the October 26, 2015 trial. (*See* Doc. 255 at 11–13).

**G.     1993 Prison Riot**

Plaintiff seeks to exclude any evidence or testimony regarding the prison riot that occurred at the Southern Ohio Correctional Facility in 1993 pursuant to Federal Rules of Evidence 401, 402, and 403. (Doc. 300). The Court has not previously ruled on this issue.

Only evidence that is relevant is admissible at trial. Fed. R. Evid. 402. Evidence is relevant only if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues,

6

misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice does not mean the damage to a [party's] case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest [a] decision on an improper basis." *United States v. Newsom*, 452 F.3d 593, 603 (6th Cir. 2006). A district court has broad discretion in making a Rule 403 determination. *U.S. v. Bonds*, 12 F.3d 540, 567 (1993).

The 1993 riot involved the death of a correctional officer and nine inmates. However, neither Plaintiff nor Defendant was at the Southern Ohio Correctional Facility when that riot occurred. Plaintiff did not become a prisoner at the facility until 1995, and Defendant's employment at the facility began in 1999.

Defendant argues evidence related to the 1993 riot should be admitted because it is relevant to Defendant's subjective state of mind. At the May 4, 2015 trial, Defendant suggested that he had concerns that a group of inmates, chained together while returning from recreation, was preparing to enter the corridor where the use-of-force incident took place, which could escalate the situation. However, even if Defendant had concerns that the situation with Plaintiff could escalate into a riot, there is no need for Defendant to discuss the 1993 riot. Such evidence would establish that the Southern Ohio Correctional Facility is a dangerous place. However, jurors can easily infer that a maximum security prison is dangerous, so evidence related to the 1993 riot has little probative value.

Further, evidence related to the 1993 riot presents dangers of unfair prejudice and jury confusion. The jury could erroneously assume that the July 3, 2008 incident is somehow comparable to incidents giving rise to the 1993 riot. The jury may also

7

mistakenly believe that Plaintiff was involved in the 1993 riot.  Accordingly, the probative value of evidence and testimony regarding the 1993 riot is substantially outweighed by the danger of unfair prejudice and jury confusion and shall be excluded.[3]

### III.    CONCLUSION

Accordingly, for the reasons stated above and in the Court's prior Order on these issues (Doc. 255), Plaintiff's motions *in limine* (Docs. 298, 299, 300) are **GRANTED IN PART and DENIED IN PART**, as set forth in this Order.

**IT IS SO ORDERED**.

Date:  10/19/15                                                           *s/ Timothy S. Black*
                                                                          Timothy S. Black
                                                                          United States District Judge

---

[3] The Court recognizes that correctional officers may consider the potential for a riot when deciding what action to undertake, especially in maximum security facility.  Therefore, the word "riot" may be used in a general sense, but evidence and testimony related to the 1993 riot shall not be presented.