UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID EASLEY, | : | Case No. 1:08-cv-601 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| GARY HAYWOOD, *et al.*, | : | |
| Defendants. | : | |

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTIONS IN LIMINE (Docs. 301, 303, 304, 305)[1]

This civil action is before the Court on Defendant's motions *in limine* (Docs. 301, 303, 304, 305) and the parties' responsive memoranda (Docs. 309, 310, 311, 321). Defendant moves the Court to prohibit: (1) Plaintiff from offering non-expert medical opinions and from arguing inadequate medical care claims; (2) the introduction of protected evidence; (3) the introduction of portions of the use of force reports; and (4) any references to the prior jury trial or the jury verdict.

Defendant previously addressed items (1)–(3) in motions *in limine* he filed prior to the May 4, 2015 trial. (Docs. 229, 230, 231). The Court ruled on those motions prior to the commencement of that trial. (*See* Doc. 256).

---

[1] On May 4, 2015, this civil action proceeded to a jury trial. The jury was asked to determine whether Defendants Gary Haywood and Christopher Brannigan, correctional officers at the Southern Ohio Correctional Facility ("SOCF"), used excessive force against Plaintiff on July 3, 2008, in violation of his Eighth Amendment right to be free from cruel and unusual punishment. (*See* Doc. 265). On May 8, 2015, the jury returned a verdict in favor of Defendant Brannigan and hung as to the excessive force claim brought against Defendant Haywood. (Doc. 270). This civil action is set to proceed to a second jury trial (as to Defendant Haywood, only) on October 26, 2015.

## I.     STANDARD OF REVIEW

"A ruling on a motion *in limine* is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). Courts may properly deny or defer ruling on motions *in limine* where issues such as foundation, relevance, and potential prejudice require the context of the trial for resolution. *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp.2d 844 846 (N.D. Ohio 2004). Moreover, because *in limine* rulings are advisory in nature, a court may alter its ruling during the course of the trial. *Luce v. United States*, 469 U.S. 38, 41–42 (1984).

## II.     ANALYSIS

### A.     Medical Opinions and Care

Defendant moves the Court to prohibit Plaintiff from offering non-expert medical opinions and from arguing inadequate medical care claims, which were previously dismissed. (Doc. 305). Defendant's arguments on this issue are similar to those he made prior to the May 4, 2015 trial. (*Compare* Doc. 305, *with* Doc. 229). Plaintiff was heard on this issue in the first instance (*see* Doc. 237), and now offers a similar response (*see* Doc. 309). Accordingly, the Court adopts its previous ruling on Plaintiff's ability to testify about his claimed injuries, and the adequacy of medical treatment provided, and requires counsel to review carefully that ruling prior to the October 26, 2015 trial. (*See* Doc. 256 at 2–5).

### B. Protected Evidence

Defendant moves the Court to prohibit the introduction of protected evidence at trial. (Doc. 304). Defendant's arguments on this issue are similar to those he made prior to the May 4, 2015 trial. (*Compare* Doc. 304, *with* Doc. 230). Plaintiff was heard on this issue in the first instance (*see* Doc. 238), and now offers a similar response (*see* Doc. 310). Accordingly, the Court adopts its previous ruling on the introduction of prohibited evidence at trial, and require counsel to review carefully that ruling prior to the October 26, 2015 trial. (*See* Doc. 256 at 5).

### C. Use of Force Reports

Defendant moves the Court to prohibit the introduction of the cover pages of the use-of-force reports regarding the July 3, 2008 incident (Bates Nos. 000001 and 000053) at trial. (Doc. 301).[2] Defendant filed a similar motion prior to the May 4, 2015 trial. (*See* Doc. 231). The Court ruled that the cover pages were relevant to Plaintiff's claims and declined to prohibit the introduction of the cover pages pursuant to Rule 403. (Doc. 256 at 7–8). However, the Court noted that whether the cover pages are part of the use of force reports is a foundational issue best resolved at trial. (*Id.* at 7, n. 5).

Defendant's arguments on this issue are similar to those he made prior to the May 4, 2015 trial. (*Compare* Doc. 301, *with* Doc. 231). Here, Defendant notes that at the May 4, 2015 trial, Use-of-Force Committee Chairman Roger Weeks testified that the

---

[2] The Court notes that Defendants characterizes the pages at issue as "cover pages," whereas Plaintiff characterizes them as "first pages." The Court will refer to the pages at issue as "cover pages," though it has no opinion as to which characterization is more appropriate.

3

cover pages were neither part of the use-of-force reports, nor authored by the respective use-of-force committees. (*See* Doc. 321-1 at 3–4). Weeks also testified that he could not identify the actual author of the cover pages. (*See id.* at 55).[3] Accordingly, Defendant argues that the cover pages should be excluded pursuant to Federal Rules of Evidence 403 and 802.

### 1. Rule 403

Only evidence that is relevant is admissible at trial. Fed. R. Evid. 402. Evidence is relevant only if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice does not mean the damage to a [party's] case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest [a] decision on an improper basis." *United States v. Newsom*, 452 F.3d 593, 603 (6th Cir. 2006). A district court has broad discretion in making a Rule 403 determination. *U.S. v. Bonds*, 12 F.3d 540, 567 (1993).

Defendant argues that that the cover pages pose a risk of unfair prejudice and confusion. Without citation, Defendant argues that "it was apparent throughout the previous trial that this caused confusion with the jury regarding whether excessive and/or

---

[3] However, Weeks indicated that the cover pages were prepared by "the office professional, by the warden's office." (*Id.* at 2).

4

inappropriate were synonymous." (Doc. 301 at 2). However, the Court declines to infer that the jury was confused on this issue simply because they hung as to the claim brought against Defendant Haywood.

As the Court explained in its prior Order, the cover page to the September 15, 2008 report is consistent with the factual findings contained within the narrative section of the report, in that the committee concluded that the force used was "inappropriate and/<u>or</u> excessive." (Doc. 176-13 at 1) (emphasis added). The Court also noted that Defendant would have the opportunity to introduce testimony explaining the committee's conclusion and the reference to discipline contained on the cover page, and that the Court would advise the jury as to the legal standard Plaintiff must satisfy to prove a violation of his Eighth Amendment rights. For these reasons, and for the other reasons set forth in the Court's prior Order (Doc. 256 at 5–8), the Court declines to prohibit the introduction of the cover pages pursuant to Rule 403.

### 2. Rule 802

Hearsay is a statement that: "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801. Hearsay is inadmissible unless an exception found in a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court applies. *See* Fed. R. Evid. 802.

The Federal Rules of Evidence provide exceptions to the rule against hearsay for public records. A record or statement of a public office is not excluded by the rule against hearsay if it sets out "factual findings from a legally authorized investigation" and

5

"the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(8).

The Ohio Administrative Code provides for the compilation of cover pages, such as the ones at issue. Pursuant to Ohio Administrative Code § 5120-9-02, a use of force investigator is required to prepare a report to the warden, a summary of the statements received during the investigation, the use of force packet, and any other information received by the investigator. O.A.C. § 5120-9-02(H). Then, the warden can elect to either return the matter to the investigator, or may take other actions as the warden deems appropriate. O.A.C. § 5120-9-02(1). Even Weeks acknowledged that the cover page was authored by an employee in the warden's office. (*See* Doc. 321-1 at 2).

For these reasons, Weeks testimony is insufficient to show that the source of information or other circumstances regarding the creation of the cover pages indicate a lack of trustworthiness. Accordingly, the Court declines to exclude the cover pages pursuant to the rule against hearsay.

### D. References to the Prior Jury Trial and the Jury Verdict

Defendant moves the Court to prohibit any references to the May 4, 2015 jury trial or the verdict reached therein. (*See* Doc. 303). Plaintiff did not file a response.[4] The Court has not previously ruled on this issue.

The Sixth Circuit has explained:

---

[4] In its August 10, 2015 Notation Order, the Court set forth a briefing schedule for motions in limine. Memoranda *contra* were due on or before October 9, 2015. <u>Because Plaintiff did not file a response, the Court considers Defendant's motion (Doc. 303) to be unopposed.</u>

> [e]vidence is properly excluded when it poses a 'likelihood of misleading the jury and confusing the issue.'" *Blakely v. City of Clarksville*, 244 Fed. App'x 681, 683–84 (6th Cir. 2007) (quoting *Olin–Mathieson Chem. Corp. v. Allis–Chalmers Mfg. Co.*, 438 F.2d 833, 837–38 (6th Cir.1971)). "Evidence of a prior verdict is likely to mislead the jury because '[a] jury is likely to give a prior verdict against the same defendant more weight than it warrants. Admission of a prior verdict creates the possibility that the jury will defer to the earlier result and thus will, effectively, decide a case on evidence not before it.'" *Id.* at 684 (quoting *Coleman Motor Co. v. Chrysler Corp.*, 525 F.2d 1338, 1351 (3d Cir. 1975)). "In essence, the jury may 'import the whole verdict . . . from the prior proceeding.'" *Id.* (quoting *Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 1010 (9th Cir. 2007)).

*Bonkowski v. Allstate Ins. Co.*, 544 F. App'x 597, 611 (6th Cir. 2013).

The Sixth Circuit's decision in *Blakely* is instructive. There, the Sixth Circuit found that the district court abused its discretion, despite giving the jury a limiting instruction, by permitting an African-American detective to testify, in a civil rights action brought by African-American law enforcement officer, about a verdict in similar racial discrimination suit that detective brought against city. *Blakely*, 244 F. App'x 681, 684. The court noted that, while the detective's history of similar treatment and experiences may have had some probative value, the testimony regarding a jury verdict in his favor did not "possess such additional probative value . . . to overcome the risk of prejudice and confusion that the verdict posed." (*Id.*)

Defendant requests that prior trial testimony is referred to as testimony given while the witness was under oath "on a prior occasion." *See e.g.*, *Miami Valley Fair Hous. Ctr., Inc. v. Connor Grp.*, No. 3:10-cv-83, 2014 WL 1818586, at *2 (S.D. Ohio May 7, 2014). In light of the danger of unfair prejudice and confusion of the issues, <u>references to the May 4, 2015 trial, or the verdict reached, shall not be made</u>. If

7

testimony from the prior trial must be referenced, counsel shall refer to it as <u>testimony given "on a prior occasion."</u>

### III. CONCLUSION

Accordingly, for the reasons stated above and in the Court's prior Order on these issues (Doc. 256), Defendant's motions *in limine* (301, 303, 304, 305) are **GRANTED IN PART and DENIED IN PART**, as set forth in this Order.

**IT IS SO ORDERED**.

Date: 10/19/15                                         *s/ Timothy S. Black*
                                                                  Timothy S. Black
                                                                  United States District Judge