UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID EASLEY, : Case No. 1:08-cv-601
:
    Plaintiff, : Judge Timothy S. Black
:
vs. :
:
GARY HAYWOOD, :
:
    Defendant. :

**ORDER DENYING PLAINTIFF'S MOTION IN LIMINE
TO EXCLUDE LATE-PRODUCED EVIDENCE (Doc. 324)**[1]

This civil action is before the Court on Plaintiff's motion *in limine* to exclude late-produced evidence (Doc. 324).  The Court heard oral argument on this motion during the Final Pretrial Conference.  (*See* October 19, 2015 Minute Entry and Notation Order).  The Court determined that no further briefing on this motion would be necessary.  (*Id.*)  Specifically, Plaintiff seeks to exclude an audio recording of a July 8, 2008 Rules Infraction Board ("RIB") hearing, and any testimony regarding the contents of the recording.[2]

---

[1] On May 4, 2015, this civil action proceeded to a jury trial.  The jury was asked to determine whether Defendants Gary Haywood and Christopher Brannigan, correctional officers at the Southern Ohio Correctional Facility ("SOCF"), used excessive force against Plaintiff on July 3, 2008, in violation of his Eighth Amendment right to be free from cruel and unusual punishment.  (*See* Doc. 265).  On May 8, 2015, the jury returned a verdict in favor of Defendant Brannigan and hung as to the excessive force claim brought against Defendant Haywood.  (Doc. 270).  This civil action is set to proceed to a second jury trial (as to Defendant Haywood, only) on October 26, 2015.

[2] Defendant had filed a complaint against Plaintiff with the RIB, alleging that Plaintiff had been resistant to orders and had physically resisted Defendant on July 3, 2008.  The RIB determined that Plaintiff was not guilty.

## I.     BACKGROUND

Plaintiff first learned that an audio recording of the RIB hearing existed on October 8, 2015. (Doc. 324, Ex. 2, ¶ 3). Defendant's counsel indicated that she had received the recording for the first time on October 7, 2015. (*Id.* ¶ 4).[3] Defendant's counsel provided a copy of the recording to Plaintiff's counsel on October 9, 2015. (*Id.* ¶ 6).

As a part of his 2011 discovery requests, Plaintiff had requested "[a]ll documents relating to the RIB hearing of David Easley on July 8, 2008" and "[a]ny statements obtained in the course of any investigation, formal or informal, relating to the incident which is the subject matter of this litigation." (Doc. 324, Ex. 1, Requests 7, 18).

## II.     STANDARD OF REVIEW

"A ruling on a motion *in limine* is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). Courts may properly deny or defer ruling on motions *in limine* where issues such as foundation, relevance, and potential prejudice require the context of the trial for resolution. *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp.2d 844 846 (N.D. Ohio 2004). Moreover, because *in limine* rulings are advisory in nature, a court may alter its ruling during the course of the trial. *Luce v. United States*, 469 U.S. 38, 41-42 (1984).

---

[3] At the Final Pretrial Conference, Defendant's counsel indicated that she had only recently learned that such an audio recording might exist.

### III.    ANALYSIS

A party who has responded to a request for production must supplement or correct its response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1).  If a party fails to provide information as required by Rule 26(e), "the part is not allowed to use that information . . . at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c) (emphasis added).[4]  The burden is on the potentially sanctioned party to prove harmlessness.  *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003).

Plaintiff claims that he is prejudiced by the late disclosure because the audio recording could have been useful in questioning relevant witnesses (*e.g.* Nate Miller, RIB Chairman), refreshing witnesses' memories, or as impeachment evidence.  Plaintiff also notes that he testified at the first trial without the benefit of having listened to the recording.

---

[4] *See also* Advisory Committee Notes to 1993 Proposed Rules suggesting a non-exclusive list of situations in which this "substantially justified or harmless" limitation would prevent an unduly harsh penalty, including "the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties; the failure to list as a trial witness a person so listed by another party; or the lack of knowledge of a pro se litigant of the requirement to make disclosures.  In the latter situation, however, exclusion would be proper if the requirement for disclosure had been called to the litigant's attention by either the court or another party.").

The late disclosure of the audio recording is regrettable. However, the essence of Plaintiff's statement at the RIB hearing was captured in the RIB report, which was provided to Plaintiff timely. Further, at the time trial commences, Plaintiff will have had 2.5 weeks to review the contents of the audio recording, none of which should be a surprise to Plaintiff, since he was present at the hearing. The Court thinks it is likely that the late disclosure was harmless, but, in any event, cannot make a determination on this issue until it sees how the audio recording will be used at trial.

## IV.  CONCLUSION

Accordingly, for the foregoing reasons, Plaintiff's motion *in limine* to exclude late-produced evidence (Doc. 324) is **DENIED**, subject to modification at trial.

**IT IS SO ORDERED**.

Date:  10/21/15                                                         *s/ Timothy S. Black*
                                                                                    Timothy S. Black
                                                                                    United States District Judge