UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID EASLEY, | : | Case No. 1:08-cv-601 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| GARY HAYWOOD, | : | |
| Defendant. | : | |

**ORDER ON PLAINTIFF'S POST-TRIAL MOTIONS**
**(Docs. 346, 347, 350, 351, 352, 354)**

This civil action is before the Court on Plaintiff's motions for judgment as a matter of law (Docs. 347, 352); Plaintiff's motion for a new trial (Doc. 346); Plaintiff's motion to supplement his motions for judgment as a matter of law and a new trial (Doc. 354); Plaintiff's motion for leave to appeal *in forma pauperis* (Doc. 351); and Plaintiff's motion to appoint appellate counsel (Doc. 350); and Defendants' responsive memoranda (Docs. 356, 357, 358, 359, 361, 362).[1]

### I. BACKGROUND

On May 4, 2015, this civil action proceeded to a first jury trial. The jury was asked to determine whether Defendants Gary Haywood and Christopher Brannigan, correctional officers at the Southern Ohio Correctional Facility ("SOCF"), used excessive force against Plaintiff on July 3, 2008, in violation of his Eighth Amendment right to be free from cruel and unusual punishment. (*See* Doc. 265). On May 8, 2015, the jury

---

[1] Plaintiff did not file any reply memoranda.

returned a verdict in favor of Defendant Brannigan and hung as to the excessive force claim brought against Defendant Haywood.  (Doc. 270).

On October 26, 2016, this civil action proceeded to second jury trial, as to the remaining excessive force brought against Defendant Haywood.  On October 28, 2016, the jury returned a verdict in favor of Defendant Haywood.

On November 13, 2015, Plaintiff's counsel filed a motion to withdraw.  (Doc. 345).  Plaintiff opposed the motion.  (*See* Doc. 348).[2]  Notwithstanding Plaintiff's opposition, the Court granted counsel's motion.  (*See* Nov. 17, 2015 Minute Entry and Notation Order).  Subsequently, Plaintiff—proceeding *pro se*—filed the instant motions.

---

[2] Plaintiff's memorandum in opposition (Doc. 348) was not docketed until after the Court granted counsel's motion to withdraw.  However, the Court gave Plaintiff an opportunity to be heard on the motion during a telephone conference.  (*See* Nov. 17, 2015 Minute Entry and Notation Order).  Plaintiff presented arguments similar to those contained in his memorandum in opposition, though his memorandum contained two additional requests.  To the extent Plaintiff requested an indigent trial transcript, his request is not well taken.  In *Griffin v. Illinois*, 351 U.S. 12 (1956), the Court deemed it a violation of the Fourteenth Amendment to deny a copy of a trial transcript to an indigent defendant, holding that one who was unable to pay the cost of obtaining such a transcript was precluded from obtaining appellate review of asserted trial error.  *Griffin* has <u>not</u> generally been extended to civil cases, although courts make exceptions for those civil cases involving fundamental interests.  *See, e.g.*, *M.L.B. v. S.L.J.*, 519 U.S. 102, 114, 116 (1996).  This is not one of those exceptional cases.  *See also United States v. MacCollom*, 426 U.S. 317, 325–26 (1976) (a prisoner is not entitled to a free transcript merely for the purpose of searching it for grounds for a possible application for post-conviction or habeas corpus relief).  To the extent Plaintiff requested a stay of the proceeding, his request is moot because he has already timely filed a motion for a new trial (Doc. 346) and notice of appeal (Doc. 349).

## II.      ANALYSIS

### A. Motion for Leave to Supplement

First, the Court must consider Plaintiff's motion for leave to supplement.  (Doc. 354).[3]  Therein, Plaintiff makes arguments in support of his motions for a judgment as a matter of law and new trial.  Defendants have not contested the timeliness or propriety of Plaintiff's request for leave to supplement.  (*See* Doc. 362).  Instead, Defendants respond to Plaintiff's arguments on their merits.  (*Id.*)

Accordingly, and for good cause shown,[4] Plaintiff's motion for leave to supplement (Doc. 354) is **GRANTED**.  Because the supplemental arguments Plaintiff seeks to make are contained in the motion for leave itself (Doc. 354), Plaintiff need not make any additional filings. The Court will consider Plaintiff's supplemental arguments, and Defendants' responses thereto, in Sections II.B and II.C, *infra.*

### B. Motions for Judgment as a Matter of Law

Plaintiff filed two motions for judgment as a matter of law, which the Court will consider simultaneously.  (Docs. 347, 352).[5]

---

[3] This document is entitled "Motion to Supplement Motion For New Trial and Rule 50A."  The Court construes Plaintiff's filing as a motion for leave to make supplemental arguments in support of his motions for a judgment as a matter of law (Docs. 347, 352) and new trial (Doc. 346).

[4] Because of the withdrawal of Plaintiff's counsel, Plaintiff had a limited amount of time to prepare his *pro-se* post-trial motions.

[5] The latter of these motions is addressed to the Court of Appeals.  (Doc. 352 at 1).  Regardless, the Court addresses this motion herein because Rule 50 motions are directed to the trial court. *See generally* Fed. R. Civ. P. 50.

3

Federal Rule of Civil Procedure 50(a) allows a party to bring a motion for judgment as a matter of law "at any time before the case is submitted to the jury." Fed. R. Civ. P. 50(a)(2). If such a motion is denied, and the movant renews his motion pursuant to Federal Rule of Civil Procedure 50(b), the court may: (1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct entry of judgment as a matter of law. Fed. R. Civ. P. 50(b).[6]

> Judgment as a matter of law may only be granted if, when viewing the evidence in a light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion in favor of the moving party.

*Balsley v. LFP, Inc.*, 691 F.3d 747, 757 (6th Cir. 2012) (citing *Barnes v. City of Cincinnati*, 401 F.3d 729, 736 (6th Cir. 2005)).

When considering a Rule 50 motion, a court should not weigh the evidence, question the credibility of witnesses, or substitute its judgment for that of the jury. *Schwartz v. Sun Co., Inc.,* 276 F.3d 900, 903 (6th Cir. 2002) (quoting *K & T Enterprises v. Zurich Ins. Co.*, 97 F.3d 171, 175–76 (6th Cir. 1996)). A court's review is restricted to the evidence that was admitted at trial. *Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010) (citations omitted).

Plaintiff brings his motions for judgment as a matter of law pursuant to Rule 50(a). (Doc. 347 at 1; Doc. 352 at 1). However, a Rule 50(a) motion must be made <u>before</u> the case is submitted to the jury. *See* Fed. R. Civ. P. 50(a)(2). At the close of the

---

[6] The renewed motion must be made within twenty-eight days after the entry of judgment, or, if the motion addresses a jury issue not decided by a verdict, no later than twenty-eight days after the jury was discharged. Fed. R. Civ. P. 50(b).

4

Defendants' case, the Court asked Plaintiff's counsel whether they wished to make a Rule 50(a) motion, and they declined. Failure to make a pre-verdict motion for judgment as a matter of law under Rule 50(a) precludes any post-verdict motion under Rule 50(b), and any such claim is waived. *Sykes*, 625 F.3d at 304 (6th Cir. 2010); *American and Foreign Ins. Co., v. Bolt*, 106 F.3d 155, 160 (6th Cir. 1997).

In any event, Plaintiff cannot make the showing required to prevail on a Rule 50 motion because, taking the evidence in the light in the light most favorable to Defendant Haywood, a reasonable juror could have concluded that Defendant Haywood did not act maliciously or sadistically and, instead, simply applied force in a good-faith effort to maintain or restore discipline.[7] In support of his motions, Plaintiff re-asserts the arguments that were presented to the jury at the time of trial. Specifically, Plaintiff argues that Defense witnesses changed their stories and/or falsified documents, that the witnesses had not had a pdf version of the video available when they first evaluated the incident, and that there was no audio supporting Defendant Haywood's contention that Plaintiff made a verbal threat.[8]

The Court will not weigh the evidence, question the credibility of witnesses, or substitute its judgment for that of the jury. *Schwartz*, 276 F.3d at 903. Given the

---

[7] This would explain why Plaintiff's counsel declined to make a Rule 50(a) motion at trial.

[8] Plaintiff notes that his trial counsel refused to present Plaintiff's grievance document as evidence to the jury in the second trial and alleges that, without citation, that the jury was "ready to rush home." In the context of a motion for judgment as a matter of law, this court's review is restricted to the evidence that was admitted at trial. *Sykes*, 625 F.3d at 305. The Court will address Plaintiff's allegation that he was prejudiced by references to the prior trial in Section II.C, *infra*.

5

evidence presented, including the video and Defendant Haywood's testimony, reasonable minds could render a verdict in favor of Defendant Haywood. Plaintiff has not carried his burden to demonstrate the jury's verdict in favor of Defendant Haywood was unreasonable.[9]

### C. Motion for New Trial

Plaintiff also moves for a new trial. (Doc. 346). Requests for a new trial following trial by jury are governed by Federal Rule of Civil Procedure 59(a)(1)(A), which states that district courts may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Under this provision, district courts may grant a new trial when a jury has reached a seriously erroneous result as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party (*i.e.*, the proceedings were influenced by prejudice or bias). *Williams v. Paint Valley Local School Dist.*, No. C2-01-004, 2003 WL 21799947, at *2 (S.D. Ohio 2003) (citing *Holmes v. City of Massillon*, 78 F.3d 1041, 1045–46 (6th Cir. 1996)). The governing principle in a court's consideration of a Rule 59(a) motion "is whether, in the judgment of the trial judge, such course is required in order to prevent an injustice; and where an injustice will otherwise result, the trial judge has the duty as well as the power to order a new trial." *Park West Galleries v. Hochman*, 692 F.3d 539, 544 (6th Cir. 2012) (citation and internal quotation marks omitted).

---

[9] In fact, the jury was able to arrive at a verdict without any concerns or questions that required the Court's intervention. The Court will not set aside a jury verdict simply because the Plaintiff is dissatisfied with the outcome.

First, Plaintiff argues that a new trial should be ordered because Defense witnesses Roger Weaks and Jason Joseph mentioned the prior trial, in violation of a Court order. Prior to second trial, Defendant Haywood filed a motion *in limine* asking the Court to prohibit any references to the first trial or the verdict reached therein.  (Doc. 303). Plaintiff did not file a response to the motion.  The Court ordered as follows: "In light of the danger of unfair prejudice and confusion of the issues, references to the May 4, 2015 trial, or the verdict reached, shall not be made. If testimony from the prior trial must be referenced, counsel shall refer to it as testimony given 'on a prior occasion.'"  (Doc. 328 at 7–8).

As an initial matter, while Plaintiff objected to this evidence <u>after</u> the jury had returned their verdict, he does not reference any objection made to the evidence during the course of the trial.  "[A] motion for a new trial will not be granted on grounds not called to the attention of the court during the trial itself unless the failing to grant a new trial would result in gross injustice." *Park West Galleries,* 692 F.3d at 548 (citing *United States v. Walton*, 909 F.2d 915, 924 (6th Cir. 1990)).

Here, Defense witnesses Weaks and Joseph referred to their own prior testimony as given at a "trial," as opposed to a "prior occasion."  Plaintiff admits that this only happened on four or five occasions over the three-day trial.  Critically, Plaintiff these witnesses did not disclose the previous jury's verdict.  Therefore, the jury could not have drawn a negative inference regarding Plaintiff from those fleeting references.  For these reasons, Weaks and Joseph's references to a prior trial do not warrant a new trial.

7

Second, Plaintiff claims that he is entitled to a new trial because Defendants disclosed for the first time on October 8, 2015—2.5 weeks before the second trial was set to commence—that an audio recording of Plaintiff's Rules Infraction Board meeting existed.  Plaintiff filed a motion *in limine* seeking to exclude this evidence from trial. (Doc. 324).  The Court denied the motion, subject to modification at trial, and provided the following analysis:

> A party who has responded to a request for production must supplement or correct its response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). If a party fails to provide information as required by Rule 26(e), "the part is not allowed to use that information . . . at a trial, <u>unless the failure was substantially justified or harmless</u>." Fed. R. Civ. P. 37(c) (emphasis added).  The burden is on the potentially sanctioned party to prove harmlessness.  *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003).
>
> Plaintiff claims that he is prejudiced by the late disclosure because the audio recording could have been useful in questioning relevant witnesses (*e.g.* Nate Miller, RIB Chairman), refreshing witnesses' memories, or as impeachment evidence. Plaintiff also notes that he testified at the first trial without the benefit of having listened to the recording.
>
> The late disclosure of the audio recording is regrettable. However, the essence of Plaintiff's statement at the RIB hearing was captured in the RIB report, which was provided to Plaintiff timely. Further, at the time trial commences, Plaintiff will have had 2.5 weeks to review the contents of the audio recording, none of which should be a surprise to Plaintiff, since he was present at the hearing. The Court thinks it is likely that the late disclosure was harmless, but, in any event, cannot make a determination on this issue until it sees how the audio recording will be used at trial.

(Doc. 333 at 3–4) (footnote omitted).

Neither the audio recording nor the transcript was referenced during the second trial, or admitted into evidence. Plaintiff offers no reason why a jury would find in his favor if they heard evidence in the form of an audio tape. Further, as set forth above, Plaintiff was present for the hearing, and therefore had prior knowledge of the contents of the recording. For all of these reasons, Plaintiff is not entitled to a new trial.

### D. Motion for Leave to Appeal *In Forma Pauperis*

Plaintiff moves for leave to appeal *in forma* pauperis. (Doc. 351).[10] In support of his motion, he has provided copies of his SOCF account statements. (Docs. 360, 365).

Plaintiff vaguely alludes to an appeal involving ineffective assistance of trial counsel, incorrect jury instructions, and the introduction of hearsay evidence. (Doc. 350 at 1). However, Plaintiff has yet to establish that an appeal can be taken in good faith and has an arguable basis in law of fact. *Owens v. Keeling*, 461 F.3d 763, 775 (6th Cir 2006); *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

For the reasons stated herein, and pursuant to 28 U.S.C. § 1915(a), an appeal of the jury's verdict would not be taken in good faith, and, therefore, Plaintiff may not proceed *in forma pauperis*. Fed. R. App. P. 24(a)(3). Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d. 274, 277 (6th Cir. 1997). *See also* Fed. R. App. P. 24(a)(4).

---

[10] Plaintiff's motion is addressed to the Court of Appeals. (Doc. 351). As set forth herein, Plaintiff may apply to proceed *in forma pauperis* in the Court of Appeals.

### E. Motion for Appellate Counsel (Doc. 350)

Plaintiff moves the Court to appoint appellate counsel. (Doc. 350).[11] Appointment of counsel in a civil case is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). "It is a privilege that is justified only by exceptional circumstances." *Id.* In determining whether "exceptional circumstances" exist, courts have considered a plaintiff's ability to represent himself, the chance that his claims will succeed, and the complexity of the case. *Id.* at 606. Whether to appoint counsel for an indigent civil litigant is within the district court's discretion. *Id.* at 605.

Throughout these proceedings, Plaintiff has been afforded three sets of competent, hard-working attorneys, all of whom zealously advocated Plaintiff's position. However, the jury returned verdicts for the Defendants. (Docs. 270, 342). At this juncture, there are no exceptional circumstances which warrant the appointment of counsel. Accordingly, the Court declines to appoint appellate counsel.[12]

### III. CONCLUSION

Accordingly, for the foregoing reasons:

1. Plaintiff's motion for leave to supplement his motions for judgment as a matter of law and motion for a new trial (Doc. 354) is **GRANTED**;

2. Plaintiff's motions for judgment as a matter of law (Docs. 347, 352) are **DENIED**;

---

[11] This motion was also addressed to the Court of Appeals. (Doc. 350). While the Court finds that appellate counsel is not warranted, it will deny Plaintiff's request without prejudice so that he may raise the issue before the Court of Appeals.

[12] Plaintiff has filed a document entitled "Supplement Appeal with leave." (Doc. 364). Because this document is intended for the Court of Appeals, this Court will not address the arguments made therein.

3. Plaintiff's motion for a new trial (Doc. 346) is **DENIED**;

4. Plaintiff's motion for leave to appeal in forma pauperis (Doc. 351) is **DENIED**;

5. Plaintiff's motion to appoint appellate counsel (Doc. 350) is **DENIED WITHOUT PREJUDICE**; and

6. Plaintiff may now pursue an appeal before the United States Court of Appeal for the Sixth Circuit. (*See* December 3, 2015 Notation Order).

**IT IS SO ORDERED**.

Date: 4/22/16                                    *s/ Timothy S. Black*
                                                 Timothy S. Black
                                                 United States District Judge